LIPSCOMB, J.
Tlu> dbo'ission of this ease by the counsel on both sides took, a wide scope and embraced a great variety of principles; but we believe the merits of the case upon which it must be decided here are circumscribed within very narrow limits.
The first question believed to be material is, on the character of the contract between AVushinglon Griffm, under whom the plaintiff in (lie court below claimed i itle, and Harris. The evidence of this contract has been called a bond to make title. Vhatev.w may have been the. real intention of the parties to this contract, outside of its terms it has to speak for itself; and it is very clear that it does not assume in the present or future! to convey the title to the laud, but only the improvements that liad been made thereon. Such improvements, made, by those who 'nave been called squatters, oil the public lauds of the United States, were, very frequently and are perhaps so to this time the subject of contraéis; ami in some of the Slates sncli contracts have been sustained as founded upon a legal and valuable consideration ; and, when not inhibited by law. it is not believed that tiie sale to the extent of the improvements made could be impeached upon tin* grounds of any defect in the consideration. But they are never intended to embrace more than the squatter’s privilege to hold and enjoy tlie possession until some one fortified by title from the government asserts bis superior right.
It is not material iii this plaee to inquire if the parties intended by their written contract that it should mean anything more than what in its terms is expressed, a sale of the improvements; but, if it was doubtful, the fact as appears-from the record, that the laud was not inventoried as the property of Griffin, who did not long survive the, date of the, contract, but the improvement alone was relumed as appertaining to his succession, this, though not conclusive, is-nevertheless a circumstance to show wliat was the construction of tlio clay to-such contracts.
But, suppose it hail been intended to go further, and to invest Griffin, the purchaser, with the prospective title to the laud, if Harris should acquire title :■ would the purchaser he in a better condition Ilian lie would have been in liad the title at that time been in Harris? The contract of sale bears date Decem-her 11, 1830; and it expresses that the settlement was made the coming March five, years ago, wanting more than two months of five The construction we have given to the inhibition to alienation is, that it continues six *58 years from the date of the grant. How, if Harris had title contemporaneous, in the dato of its issuance with his settlement, the six years had not expired at the date of liis contract. The contract, then, would he void because contrary to law. The contract woidd be void as to both the vendor and vendee. (Hunt’s heirs v. Robinson’s heirs, 1 Tex. R., 748.) In that case there is an error in the opinion of the court, not material to the legal rights of tho parties: it is in putting the contract under the influence of the inhibition, contained in tiie decree 190, article 19, when it should have been under decree 16 of 182o; Hunt’s title having issued under the last named decree, and before the passage of decree 190, aud before the decree Ho. 16 had been repealed; but the construction of the colonization law of 1825, decree 16, articles 27,28, 30,22,26, the decree 16, being tho colonization law of 1825, is obscure aud not free from difficulties on the subject of alienation. But it is believed that, when the last clause of article 27, i. e. '•‘The other settlers shall be authorized to alienate their lands “when they shall have completed the cultivation thereof, and not before”— Los demas pobladores podran cnagenar los suyos qnaudo los hallan cultivado en su totalidad y no autes — which has created mainly the difficulty, is taken in connection with the preceding part of the same article, and with reference to the other articles referred to¡ it will result iu the conclusion that this clause will not authorize alienation, until after the period of six years, which is the period limited for the fulfillment of all the conditions of the title. It is clear that it was not intended to put the settler on the same footing with the persons designated in the first part of the article, which extends to the contractors and the milit ary already mentioned in their turn, and those who have acquired lands by purchase, the right to alienate the same at any time, provided the successor obligates himself “to cultivate the same within the same term as ■“was obligatory on the part of the original proprietor, likewise the ■“term from the date of the primative title.” Decree 190 is much‘more explicit upon this subject; and it is fair to presume that -it was intended to remove all doubts about the right of alienation under the former decree. If, then, Harris had had title at the date of his contract with Griffin, unless six years had elapsed, the contract, if it had been for the sale of the land, would have been an absolute nullity. It is, however, shown that ho had no title at the time. Therefore Griffin could acquire no legal right, present or prospective. The question of a resulting trust in his favor would bo cut off, whether resulting from Harris or from the purchase made from him by the administrators of Griffin. Because that Griffin could not have taken anything more under his contract than the improvement, it did not prevent his administrators from aflerwards purchasing- title from Harris. The petition showing enough, when the law was applied to it, to defeat the claim on which the action was founded, the demurrer ought to have been sustained. The judgment is reversed and cause dismissed.
Reversed and dismissed.
Notk 20. — Such a contract will not be enforced unless sustained by possession, and equities Independent of tho contract. (Clay v. Cook, 10 T., 70; Williams v. Chandler, 25 T., 4.) But the heir* of the grant©© cannot enforce tho legal title against parties claiming under such aeon-tract without refunding the consideration received by their ancestor. (Ledyard v. Brown, 27 T., 393; Mills v. Alexander, 21 T., 154.)