### NESTOR CLAY'S HEIRS v. WILLIAM M. COOK AND OTHERS.

Where a suit was commenced in the ordinary form of trespass to try title, and the plaintiffs afterwards amended by alleging a previous contract to convey by the original grantee, to their ancestor, and subsequent fraudulent conveyances by the original grantee to another person, under whom defendants claimed by purchase, with full notice, and prayed that the defendants be decreed to convey the legal title, or that it be divested, and vested in the plaintiffs, the Court said the suit was in effect for specific performance.

The rule laid down in Hunt's heirs v. Robinson's heirs, 1 Texas, 748, that a contract by a colonist who had received title under the colonization law of 1825, before the expiration of six years, to make a conveyance of his head-right as soon as the law would permit, has been uniformly sustained, and such contracts have not been enforced, unless sustained by possession, and equities independent of the contract. No such equities are averred in this case.

But it is insisted that there has been an erroneous construction of the provision of Art. 27, of the Decree of Colonization of the 24th March, 1825, which declares that settlers shall be authorized to alienate their land when they shall have completed the cultivation thereof, and not before; that this is but a prohibition of sale, until after cultivation, and not until six years from the date of the grant. Had there been an averment that the colonist had cultivated his league, in its totality, before the date of the contract of sale, such fact might have, perhaps, rendered a review of its former decisions incumbent upon the Court. No such fact has been alleged or proved in any case which has been brought up for revision; and if such were the fact, it would not operate a modification of the decision.

Error from Jackson. This was an action of trespass to try title, commenced in the ordinary form; afterwards the plaintiffs amended their petition, by alleging the particulars of their title, as follows : That the tract or parcel of land aforesaid, was granted by the Government of Coahuila and Texas, to a certain William Whitaker, as a colonist in the Colony of Austin, on or about the 18th day of May, 1831, and about the same time, the said Government of the State of Coahuila and Texas granted to a certain William Pitts Givens another league of land in said colony, on both of which Nestor Clay, now deceased, the ancestor of your petitioners, at the request of said Whitaker and Givens, paid all the fees of office and dues which were to be paid on the issuance of the grants to the two leagues of land, and agreed afterwards to pay the acknowledgment on the same to the Government, in consideration wherof, the said William Whitaker agreed as soon as the law would allow, to convey the said one league of land so granted to him as aforesaid, to the said Nestor Clay deceased, all which will more fully and at large appear by reference to a duly authenticated copy of the contract executed on the ninth of February, 1832, before an Alcalde of the Municipality of San Felipe de Austin, which is herewith filed, marked A and made a part of this petition.

Here followed a copy of said contract, translated into English. It appeared therefrom, in addition to what was previously alleged, that Givens was the father-in-law of Whitaker, and that it was Whitaker's election to take one-half of Givens' league, in order to be near him.

The petition then alleged, that said Whitaker had never conveyed as he had contracted to do, but had confederated, &c. Allegations that the defendants claimed under Whitaker, and had full notice of plaintiffs' title, and " purchased without any valuable consideration."

Amended prayer " or that the said defendants be declared " to be trustees of the legal estate in and to said one league of

" land, in trust for the benefit of your petitioners, and be com-
" pelled to convey the same, or that said legal estate be divested
" and vested in your petitioners by decree, to be held by them
" in fee."

General demurrer and denial. The general demurrer was
sustained, and plaintiffs " electing to abide their case as made
" by the said amended petition," there was judgment for the
defendants.

*R. Hughes*, for plaintiffs in error.

*J. J. Holt*, for defendants in error.

HEMPHILL, CH. J. The petition, with its amendments, was
in effect a suit for specific performance of a contract by Wil-
liam Whitaker for the sale of land granted to him as a colo-
nist, by the State of Coahuila and Texas, covenanting to con-
vey the land as soon as the restriction on its alienation should
be removed. The defendants' demurrer to the petition was sus-
tained, and this has been assigned as error. The contract in
this case does not differ materially from that presented in the
heirs of Hunt v. The Heirs of Robinson, 1 Texas, 748, and
other contracts which have since been adjudicated on the au-
thority of the case cited. The rule laid down in the first case
has been uniformly maintained, and such contracts have not
been enforced, unless sustained by possession, and equities
independent of the contract. No such equities are averred in
this case.

But it is insisted that there has been an erroneous construc-
tion of the provision of Art. 27 of the Decree of Colonization
of the 24th March, 1825, p. 20, L. C. and T., which declares
that settlers shall be authorized to alienate their land when
they shall have completed the cultivation thereof, and not be-
fore ; that this is but a prohibition of sale, until after cultiva-

tion, and not until six years from the date of the grant. Had there been an averment that the colonist had cultivated his league, in its totality, before the date of the contract of sale, such fact might have perhaps rendered a review of its former decisions incumbent upon the Court. No such fact has been alleged or proven in any case which has been brought up for revision, and if such were the fact, it would not operate a modification of the decision.

The cultivation of land in its totality, (en su totalidad,) as required of settlers, in the 27th Art., is not a very intelligible expression. It could not mean that a league should be cultivated to the utmost extent of its capacity, before the settler would be authorized to make a sale. If it did, the restriction might not be removed for generations, as the cultivation might not in the mean time be completed. Rejecting this construction as too onerous and unreasonable and considering the provision in connection with other articles of the decree, the conclusion is inevitable, that the term total cultivation refers not to the extent of the cultivation, the improvements made or the cattle pastured, but to the length of time or period of cultivation. Lands were granted to both purchasers and colonists for the purpose of settlement and cultivation, and both were required, under penalty of forfeiture, to cultivate them within six years from the date of their acquisition. A grantee by purchase, however, could sell his lands at any time, provided his vendee obligated himself to cultivate the same within the prescribed period of six years from the date of the grant, and this is the effect of the first part of Art. 27, and then follows the provision that the settler shall not alienate until after total cultivation. This is intended to be the contrary of the previous part of the Article, that allowed the purchaser to sell within six years, his successor being obliged to finish the cultivation within the prescribed time. This prohibits the colonist from sale until after he has finished the cultivation, or, in other words, until the six years have expired. This is the

general limitation for the performance of all the conditions of his title, for the payment of the price as well as the cultivation, &c., (Arts. 22–26,) and at the end of six years it is either totally cultivated or it is not cultivated at all, in legal contemplation: that is, so cultivated as to save it from forfeiture. We are satisfied with the construction of the provision as given in Desmuke v. Griffin, 10 Texas, 113, and are of opinion that the judgment below should be affirmed.

Judgment affirmed.