JOHN THOMAS V. H. M. MOORE ET AL.

1. COLONIZATION LAWS—ALIENATION.—The colonization law of March 24, 1825, did not prohibit a conveyance of land acquired by a colonist, after the expiration of six years from the date of the colonist's title.
2. COLONIZATION—ALIENATION.—A colonist, who acquired land as such, under the colonization law of 1823, was permitted to alienate the same at any time after receiving the grant.

APPEAL from Grimes. Tried below before the Hon. James R. Burnett.

*Boone & Goodrich,* for appellant.

*Tilman Smith,* for appellees.

GOULD, ASSOCIATE JUSTICE.—On August 7, 1824, Isaac Jackson received a grant for a league of land in Austin's colony, and on November 3, 1831, he executed his bond to

make title to the same to John W. Hall, "so soon as the laws of the land will permit or authorize the same to be done." Appellant contends, that at the date of this bond, Jackson was prohibited by law from alienating his land, and refers to Hunt *v.* Robinson, (1 Tex., 748,) and other similar cases, as supporting his position. The construction of the colonization law of Coahuila and Texas, enacted March 24, 1825, has been, that the prohibition against a sale ceased at the expiration of six years from the date of the colonist's title. (Desmuke *v.* Griffin, 10 Tex., 115; Clay *v.* Cook, 16 Tex., 73; Atkinson *v.* Bell, 18 Tex., 478; Clay *v.* Clay, 26 Tex., 29.) As more than six years had elapsed after the issuance of title to Jackson, at the time of his sale to Hall, he was not prohibited from selling, even if the restraints on alienation, imposed by the colonization law of 1825, applied to colonists who had received titles under former laws. Jackson, however, received his title under the colonization law of 1823, and, under that law, it has been held, had the power of alienation at any time after receiving the grant. (Portis *v.* Hill, 14 Tex., 71; Emmons *v.* Oldham, 12 Tex., 27.) In the long line of decisions on this subject, some of which have already been cited, no case can be found supporting the proposition that Jackson, holding, as he did, under a grant issued on August 7, 1824, was, on November 3, 1831, more than seven years thereafter, prohibited from alienating his land. (See Robbins *v.* Robbins, 3 Tex., 497; Spillers *v.* Clapp, 3 Tex., 498; Hunt *v.* Turner, 9 Tex., 385; Burleson *v.* Burleson, 11 Tex., 2; Box *v.* Lawrence, ·14 Tex., 555; Emmons *v.* Oldham, 12 Tex., 19; Harris *v.* Hardeman, 15 Tex., 468; Johnston *v.* Smith, 21 Tex., 725; Moore *v.* Bullard, 24 Tex., 151; Williams *v.* Chandler, 25 Tex., 10; Ledyard *v.* Brown, 27 Tex., 404.)

As the sale by Jackson was legal and valid, without subsequent ratification, the charge of the court on the subject of ratification becomes immaterial.

What has been said disposes of the only questions dis-

cussed by counsel for appellant, and, in regard to other questions presented only in the assignment of errors, it is deemed sufficient to say, that we have found no error calling for a reversal of the cause.

The judgment is affirmed.

AFFIRMED.