<hr />

A. V. SEWELL v. J. P. LAURANCE.

(No. 3675.)

APPEAL. — Affidavit in lieu of bond.
LAND CERTIFICATES, personal property; change to realty.

APPEAL from Dallas county. Opinion by DELANEY, J.

STATEMENT.— This suit was filed May 4, 1871, by appellee againts appellants, Alexander V. Sewell, Thos. Ritter and his wife, Sarah Vienna Wilson and Rebecca Cleveland, heirs at law of Thos. Sewell and Frances Sewell, his wife. The object of the suit was to remove a cloud from the title to certain lands held in Dallas county by plaintiff. The

petition alleged that in 1850 a Mercer colony certificate for three hundred and twenty acres of land issued to James M. Sewell; that on the same day a similar certificate for three hundred and twenty acres of land was issued to Thomas J. Sewell; that said James M. and Thomas J. Sewell were sons of Thomas and Frances Sewell; that soon after receiving the certificates said James M. and Thomas J. Sewell died intestate and unmarried, leaving their parents and brothers and sisters surviving them; that the parents inherited the certificates and sold and delivered them to plaintiff, who located them upon the land described in the petition, and obtained the patents, which issued in 1870; that plaintiff paid all expense of surveying and procuring the patents which issued to the heirs of James M. and Thomas J. Sewell;' that defendants are setting up some claim to said land which casts a cloud upon plaintiff's title.

October 6th defendants answered by special demurrer and general denial. January 22, 1875, plaintiff amended, making new parties defendant, averring that Thomas and Frances Sewell died intestate, leaving the following named children: Alexander V. Sewell, Andrew J. Sewell, Sarah Ritter, wife of Thomas Ritter, Vienna Wilson and Rebecca Cleveland; that Andrew J. Sewell died, leaving a widow, Adaline Sewell, and the following named minor children, to wit: Andrew J. Sewell, Jr., George W. Sewell, John Sewell and James Sewell; that Vienna intermarried with one Heard; that Rebecca first married Rutherford and afterwards Cleveland, and died leaving two minor daughters, viz., Susan Rutherford and P. A. Rutherford, all of whom are made parties defendant.

September 3, 1875, defendants excepted to plaintiff's pleadings, because he did not allege the time of the deaths of James W. and Thomas W. Sewell nor the date when he bought the certificates.

July 8, 1876, plaintiff amended, stating his purchase of the certificates on the 17th of March, 1855; that Thomas J. and James M. Sewell died about the year 1851; that

Frances Sewell died between January, 1861, and 1864, and that Thomas Sewell died between January, 1867, and January, 1869.

February 8, 1876, defendants pleaded limitation of two, three, four, five and ten years.   July 17, 1876, the guardian *ad litem* of the minors answered by general exception, general denial and the statutes of limitation of two, three, five and ten years.  September 16, 1876, plaintiff again amended, averring that he bought the certificates from Thomas and Frances Sewell; that the said Frances delivered them to him with her own hands, and that she and her husband named the consideration; that said Frances by her own acts and representations induced him to buy them; that she acted freely, voluntarily and without constraint of her husband, and that both she and her husband throughout their whole lives expressed themselves satisfied with the sale, and wished not to retract it, wherefore plaintiff says defendants are estopped to deny the sale.

The cause was tried July 5, 1877, with verdict and judgment for plaintiff.   The testimony showed that the certificates were finally delivered to plaintiff by Thomas Sewell and wife on March 17, 1855, but that before this time plaintiff had been negotiating with them for the purchase; had paid a part of the price; had had the certificates in his possession, and on the 8th of that month he had located part of the land, and had bargained a part of it to a third party, to whom Sewell and wife made a deed on the 17th, the same day the certificates were delivered; that Sewell and wife were willing to make a deed to plaintiff, but he preferred to wait until he could get patents; that Mrs. Sewell herself delivered the certificates, was entirely satisfied with the trade, and so continued ever afterwards until her death; that it was upon her persuasion that her husband finally consented to the sale.   Plaintiff had paid a yoke of oxen as part of the price, and on day of final trade he let them have a horse worth seventy or seventy-five dollars, some money and executed note.   There was

some dispute as to whether the note had been paid. The reason why patents were not issued sooner was that their surveys conflicted with another survey, and plaintiff finally bought out opposing claim, obtained the land, paid taxes on it and had a large part of it inclosed.

Defendants never claimed the land after sale, nor did they ever pay taxes or have possession of the land at any time. The court among other things charged that land certificates were personal property and that parol sale and delivery would pass title, the certificates and the land upon which they were located, and whether located or not.

The judge also charged that the husband had no power to sell the wife's interest in the certificates, but that if Frances Sewell freely and voluntarily sold her interest in certificates, delivered them and received payment for them without undue influence on the part of the husband, she would be estopped to deny the title of plaintiff.

Verdict and judgment for plaintiff, and defendants appealed.

The assignments of error relate to the charge of the court and the refusal of charges asked. Transcript filed in supreme court April 1, 1878. At the present term appellee has filed a motion to dismiss the appeal upon two grounds: 1st. Because the affidavit filed in lieu of an appeal bond does not describe the judgment. 2d. Because record does not show that affiants were parties to the suit.

OPINION.—As to first objection the record contains enough to give the supreme court jurisdiction, and that is sufficient. In the affidavits the affiants state they are parties defendant to above-entitled cause. Motion to dismiss should be overruled. The first assignment of error questions that part of the charge to the effect that land certificates are personal property, and pass by delivery. This is certainly correct. See Stone v. Brown, 54 Tex., 330; Johnson v. Newman, 43 Tex., 640; Cox v. Bray, 28 Tex., 247; Randon v. Barton, 4 Tex., 292. These cases, however, refer as a general rule to

unlocated certificates. As to that part of the charge which says it is immaterial whether the certificate was located on land or not we think is not correct. As soon as certificates are located the right of the owner attaches to the land, and all subsequent transfers must be in writing.

The appellants insist that Mrs. Sewell was a married woman, that it was her separate property, and whether real or personal, the conveyance must have been in writing and acknowledged by her upon privy examination. Pasch. Dig., 1003. Also see Womack v. Womack, 8 Tex., 307. Admitting the contract was not binding upon Mrs. Sewell, and that she might within a reasonable time have had it set aside upon restoration of the purchase money, still it does not follow that the right would survive to her descendants for an indefinite period of time.

The case may be summed up thus: The plaintiff made this purchase in March, 1857. The verdict establishes the fact that he paid the consideration, and for more than twenty years he was occupied with his endeavor to perfect the title, which he finally accomplished by buying out and thus quieting some opposing claims. A quarter of a century after the original purchase the heirs of the vendors, who have done nothing, come forward and ask that the land, with its accumulated value from expense and labor of plaintiff, be decreed to them because their grandmother did not sign a deed and acknowledge it properly; and they do not propose to make the slightest return to plaintiff. To state such a proposition is to answer it. Hart v. Turner, 9 Tex., 385; Mills v. Alexander, 21 Tex., 154.

AFFIRMED.