MATTHEW R. WILLIAMS ET AL. v. E. B. WILSON ET AL.

No. 2846.

1. **Transfer of San Jacinto Donation Land Certificate.**—A lease of the land granted by the Republic of Texas to soldiers of the Republic who participated in the battle of San Jacinto, for ninety-nine years, is in conflict with the condition of such grant that it should "not be subject to sale or alienation, mortgage, or execution during the lifetime of the grantee." Such lease being illegal is void.

2. **Case Adhered to.**—Ames v. Hubby, 49 Texas, 705, adhered to.

3. **Tender of Purchase Money in Suit to Avoid Title.**—In a suit by heirs of a soldier to whom a San Jacinto donation grant had been made, in suing for the land to recover it from parties holding under a sale, they must tender the consideration shown to have been paid their ancestor for the land.

4. **Judgment, Effect of.**—A general judgment for defendant when sued in trespass to try title by heirs of the grantor who had sold the land for a term of years, only bars recovery of the term—having no effect upon the reversion.

APPEAL from Austin. Tried below before Hon. H. Teichmueller. The opinion states the case.

*M. M. Kenney,* for appellants.—1. The act of Congress of the Republic of Texas, of December 21, 1837, granting a bounty of 640 acres to each of the participants in the battle of San Jacinto, prohibited the sale or alienation, mortgage, or execution of the lands granted by that act during the lifetime of the person to whom a warrant or patent under that act should be granted, which inhibition was not repealed until 1848.

2. A deed of lease for ninety-nine years made in consideration of a present payment without future attornment is a sale and alienation within the meaning of that law. Pasch. Dig., art. 4062; Ames v. Hubby, 49 Texas, 705; Bouv. Dic., "alienation."

3. The law of December 21, 1837, prohibits the sale or alienation of

land claims of this character in general terms, and as much prohibits alienation by lessee as by the original grantee.    Pasch. Dig., art. 4062.

4.  The judgment in general terms, taken in connection with the state of title in evidence, is ambiguous, and awards a greater estate to the defendants than they claimed.

*Chesley & Haggerty,* for appellees.—The ninety-nine years lease from Matthew R. Williams to David Ayers, under which defendants claim, is a valid contract.

In support of this proposition we respectfully submit the following ancillary propositions:

1.  Under the terms of the grant to Matthew R. Williams his heirs acquired no vested interest in the land, and he could have disposed of it by will to the exclusion of the heirs.    Ames v. Hubby, 49 Texas, 705.

2.  The lease itself provides circumstantially for a return of the land after the expiration of the ninety-nine years, and is in no sense a sale, and shows upon its face that it was not intended as such, and in this respect differs from the case of Ames v. Hubby, which provided for a continuance of the lease after the expiration of the ninety-nine years forever, at the nominal sum of one cent per year.

3.  Had Williams leased the land for the period of his natural life, stipulating for the payment of annual rents, it would have been in harmony with the policy of the statutes.

4.  As the fee was in Williams (see Ames v. Hubby), we submit that he could have leased it for ninety-nine years, stipulating for annual rents, and his heirs after his demise would have been bound by it.

5.  The contract was entire and wholly performed upon one side, and not in terms nor in effect a violation of the terms of the statute, and therefore not wholly void, and Williams in his lifetime could have had it set aside (if at all) only upon return of the $640 paid by Ayers.

6.  Plaintiffs are the actors, and are in substance seeking relief from the contract of their ancestor, Matthew R. Williams.    Their contention is in the nature of a suit in equity to set aside the lease.    This can not be done without an offer to do equity by restoring the consideration and interest.    1 Pome. Eq., sec. 391; 2 Pome. Eq., sec. 937.

GAINES, Associate Justice.—The plaintiffs sued as heirs of Matthew R. Williams, deceased, to recover a tract of 640 acres of land, located and patented by virtue of a certificate issued to him in accordance with the act of Congress of the Republic of Texas, of December 21, 1837. That act granted 640 acres of land to all soldiers of the Republic who participated in the battle of San Jacinto, and provided that the lands granted by virtue thereof should "not be subject to sale or alienation, mortgage, or execution during the lifetime of the person to whom" the

warrant or patent should be granted. Pasch. Dig., art. 4062. Both the certificate by virtue of which the land was granted and the patent itself contain the limitations upon the powers of the grantee, which are expressed in the act. The certificate issued to Matthew R. Williams on the 31st day of January, 1839. On the 14th of March, 1840, the grantee, for the consideration of $640, executed to one David Ayres an instrument which purported to authorize Ayers to locate the certificate and to receive the patent, and to hold the land to be granted by virtue thereof for the term of ninety-nine years without the payment of any additional rent. A patent to the land in controversy issued to the original grantee of the certificate on the 7th day of October, 1845. April 7, 1846, Ayers executed to Peter McGreal his special warranty deed conveying to the grantee all his right, title, and interest in the land in controversy. McGreal in like manner conveyed to one Muller, who in his turn conveyed to one Hagadon, who next conveyed to one Furst. Furst died, having devised all his property to Frederick E. Van Roy, who conveyed the land in controversy to the defendants in this suit. The plaintiffs proved that Matthew R. Williams died in 1852, and that they were his heirs. The defendants proved the other facts as stated above, and the court gave them judgment.

There are no conclusions of fact and law in the record, and we are left to conjecture as to the grounds upon which the court based its judgment. If, however, the court held, in accordance with appellees' contention, that the lease from Williams to Ayers was not in contravention of law, and was a valid conveyance, we do not concur in its opinion. In Ames v. Hubby, 49 Texas, 705, a similar conveyance of a San Jacinto donation certificate was held void. In that case the contract provided that at the end of the term, the lessee, his heirs or assigns, should have the right to hold possession of the land as long as he or they saw fit, upon payment of rent of one cent per annum. That was a very obvious evasion of the law which prohibited an alienation of the certificate, and to our minds the intent to evade the law is equally clear in the present case. It is true that according to the literal terms of the lease the property was to revert to heirs of the lessee at the end of ninety-nine years.

But we do not hesitate to say that a lease of property in Texas during the days of the Republic which was to continue for the average period of three generations of men was considered both by the lessor and lessee as virtually equivalent to a conveyance of the absolute title, and that it should be treated as such an alienation as the statute was intended to prohibit. We conclude, therefore, that the lease from Matthew R. Williams to David Ayers was void, and that it neither conveyed title to the certificate or to the land.

In 1848 the prohibition against the conveyance of the lands granted to

the participants in the battle of San Jacinto was repealed (Pasch. Dig., art. 4066), and it appears from the evidence that Williams lived until 1852, without taking any steps to set aside the conveyance. What effect, if any, these facts had upon the transaction, we need not inquire. The defendants specially pleaded and proved their claim of title. The lease from Williams to Ayers was fully alleged in the answer, and was introduced in evidence in connection with a chain of conveyances sufficient to pass whatever right Ayers acquired by that instrument to the defendants in this suit.

In Ledyard v. Brown, 27 Texas, 393, in speaking of a contract by a colonist to convey his lands before the expiration of six years from the extension of the title, Mr. Justice Moore says: "The title which the defendants who claim under it derive from the contract between Cottle and Brown is one which under the former decisions of this court they can not enforce without additional equities from any that have been presented in this case against the heirs of Cottle. But it has also been more than once decided by this court that in such cases the heirs of the grantee can not enforce their legal title against the parties claiming under such contract without refunding the consideration received by their ancestor. If the question were one of the first instance we might perhaps hesitate yielding it our assent, but it must now be regarded no longer open for discussion." See also Mills v. Alexander, 21 Texas, 154; Hunt v. Turner, 9 Texas, 385.

In Mills v. Alexander, *supra*, it was held that in such a case, after a lapse of twenty years, in the absence of any proof of a consideration, it would be presumed that a fair and adequate consideration was paid. In this case the attempted lease shows the consideration, and plaintiffs have made no offer to refund the purchase money. Their failure to do so must be held fatal to their suit.

The assignments of error complain of the introduction in evidence over the objection of plaintiffs of the lease from Williams to Ayers and of the mesne conveyances down to defendants. The lease, though void, authorized the parties rightfully claiming under it to have the purchase money refunded, and was therefore properly admitted. It is no objection to the other conveyances that they attempted to convey an absolute title, although the grantors at best had but a leasehold estate. The conveyances were sufficient to pass whatever right or title the grantors had.

It is complained that the judgment is erroneous because it is a general judgment for defendants, whereas in their pleadings they claimed only a term of years in the land. The plaintiffs brought an action of trespass to try title, and failed to offer to refund the purchase money and to place themselves in position to demand a judgment; therefore the proper judgment was that they take nothing by their suit, and that defendants go

hence without day. The judgment does not affect the plaintiffs' right to the reversion in the land after the expiration of defendants' term.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered February 11, 1890.