CLARA B. CROW ET AL. V. JAMES FIDDLER ET AL.

No. 194.

1. **Community Property—Presumption of Law.**—In October, 1858, B. married in Missouri, where property acquired during marriage became the separate property of the husband. The evidence showed, that in December, 1859, B. and his wife had removed to and were residing in Texas; that in June, 1860, B. purchased land on a credit of twelve months, and (presumably at the expiration of the twelve months) made a payment thereon; but it did not show that he had brought from Missouri the money with which the payment was made, nor yet that he had acquired that money, or any money, after coming to Texas. *Held*, that a finding, that the land was B.'s separate property because bought with his separate funds, was error; the evidence not being sufficient to overcome the presumption of law that it was community estate.

2. **Coverture Must be Pleaded.**—Where, in avoidance of defendant's plea of limitation, the plaintiff's replication alleged infancy only, plaintiff was not entitled to assert on the trial the disability of coverture.

3. **Superior Title—Void Execution Sale.**—B. bought land of the administrator of S., giving in part payment his note, with F. as surety. The administrator's deed to B. also retained a vendor's lien on the land. Upon maturity of the note the administrator brought suit thereon, but dismissed as to B., taking judgment against F. only, and without foreclosing the vendor's lien. Under an execution issued in that suit, the land was levied on and sold as the property of B. *Held*, that the sale was void, and title thereunder could not be sustained on the theory that the superior title to the land had remained in the estate of S., and the estate having received the proceeds and benefit of the sale, it must be held to have passed the superior title, and that the title thus passed was paramount to the title that descended, as community estate, to the children of B.'s wife.

4. **Subrogation—Pleading Requisite.**—A defendant in trespass to try title, claiming under a void execution sale, can not, without specially pleading the matter, invoke the equity of subrogation on the ground that the money paid by him went to extinguish an existing lien on the land, and that his possession can not be disturbed without a tender of the money so paid.

APPEAL from Cooke. Tried below before Hon. D. E. BARRETT.

*Stuart & Lewis* and *L. H. Mathis*, for appellants.—1. The presumption that property purchased during the marriage is community property is very cogent, and must be repelled by clear and cogent proof. King v. Gilleland, 60 Texas, 271; Schmeltz v. Garey, 49 Texas, 49; Love v. Robertson, 7 Texas, 6.

2. The burden is upon the party averring that property acquired during marriage by residents of this State was bought with separate means of either, to show the very acquisition of such separate means, and to trace the same through whatever mutations it may have undergone into the property sought to be held. Chapman v. Allen, 15 Texas, 278; Epperson v. Jones, 65 Texas, 425.

3. The conveyance of land by Stone, administrator, under order of

Probate Court, and confirmation thereof, passed and vested the perfect legal title in Thomas A. Braley. Pasch. Dig., art. 1327; Sypert v. Mc-Cowen, 28 Texas, 635; Weems v. Masterson, 80 Texas, 45.

4. If such sale was executory, then Stone, administrator, upon default in payment by Braley, had his election to rescind the sale and sue for the land, or to affirm the sale and proceed for the purchase money. By suing Braley and his surety, Foreman, and taking judgment against the surety, he declared the latter election, and thereupon title passed to and vested in Braley. Roeder v. Robson, 20 Texas, 754; Roberts v. Lovejoy, 28 Texas, 641; Nass v. Chadwick, 70 Texas, 157; Bartley v. Harris, 70 Texas, 181.

5. A purchaser in good faith at a judicial sale acquires no right to hold the property purchased until the purchase money paid by him, and which went to discharge a debt of the owner of the property, is repaid to him. This must be the rule when there was no judgment at all, and where the good faith of the purchaser is an open question. Northcraft v. Oliver, 74 Texas, 162; Jolley v. Stallings, 14 S. W. Rep., 1002; Stegall v. Huff, 54 Texas, 193; Freem. on Judg., sec. 117.

6. Scott being a party to the suit only as a warrantor, and not having plead at all, nor in any way asserted his equity, can not bar plaintiff's recovery by his own silence, nor have affirmative equitable relief unasked. Fuller v. O'Neil, 69 Texas, 349.

*Potter, Potter & Giddings* and *W. O. Davis,* for appellees.— 1. The evidence abundantly sustained the finding of the court, to the effect that the property in controversy was not the community property of Thomas A. and Mary Ann Braley, the father and mother of the appellants. Watts v. Miller, 76 Texas, 13; Medlenka v. Downing, 59 Texas, 32; Oliver v. Robertson, 41 Texas, 422.

2. The sale of the land by Stallcup's estate to Braley was executory, and the superior title remained in the estate and passed to Scott by the sale of the land under execution, and from Scott to the appellees in this case. Ufford v. Wells, 52 Texas, 617; Peters v. Clements, 46 Texas 124; Foster v. Powers, 64 Texas, 247; Cattle Co. v. Boon, 73 Texas, 548.

3. If the sale of the land to Braley by the estate of Stallcup was not executory, or if executory, it became executed by the judgment and sale under execution, still the estate had a valid vendor's lien on the land, to which Scott was subrogated by his purchase, though the execution sale was void. And having applied his money to the discharge of a valid lien on the land, his possession could not be disturbed by appellants without returning the money; and all of Scott's rights in the premises have passed to appellees. Jolley v. Stallings, 14 S. W. Rep., 1002; Northcraft v. Oliver, 74 Texas, 162; French v. Grenet, 57 Texas, 273.

4. A mortgagee or the assignee of the mortgage debt in possession can not be disturbed by the owners of the legal title until the debt is paid. Duke v. Reed, 64 Texas, 705; Hannay v. Thompson, 14 Texas, 142; Loving v. Milliken, 59 Texas, 423.

STEPHENS, ASSOCIATE JUSTICE.—This action of trespass to try title was brought July 31, 1890, by Elizabeth M. Crow and Clara B. Crow (joined by her husband, John B. Crow, Jr.), to recover each an undivided one-fourth interest in 1476 acres of land situated in Cooke County, known as the Albert Martin survey. The defenses interposed were pleas of not guilty, statutes of limitation of five and ten years, and improvements made in good faith. The several defendants also prayed to have their warrantors vouched in, and for a recovery over against them in case the plaintiffs should prevail in the suit; but the record fails to show that the warrantors were cited. In avoidance of the pleas of limitation, the disability of minority was alleged. There was a trial without a jury, resulting in a judgment in favor of the defendants, rendered upon the following conclusions of law and fact:

" 1. That by deed dated July 21, 1860, R. D. Stone, as administrator of the estate of Green Stallcup, deceased, in pursuance of an order of the Probate Court of Cooke County, sold the land in controversy to Thomas A. Braley, for the sum of $771.20. That said order of court directed said sale to be made upon a credit of twelve months. That said Braley, in part payment for said land, executed his note for $307.47, dated July 8, 1860, with W. W. Foreman as surety, due twelve months after date, with interest at 12 per cent per annum after maturity. Said deed retains a vendor's lien upon said land to secure the payment of said purchase money. There is no direct evidence as to when or how the remainder of the $771.20 was paid; from the circumstances, I find that it was paid before the institution of the suit to collect said $307.47 note.

" 2. That on November 8, 1861, said Stone, as administrator of Stallcup's estate, in the District Court of Cooke County, recovered a formal judgment against W. W. Foreman, as surety on said note, for the amount due thereon. No judgment was rendered against Braley, the suit as to him having been dismissed, and no foreclosure of the vendor's lien on said land was had.

" 3. That by virtue of an execution issued upon said judgment, dated June 30, 1870, said land was levied upon as the property of said Braley, and by the sheriff of Cooke County, by deed dated August 17, 1870, sold to R. F. Scott, and each of the defendants has a regular chain of title to the portion of said land claimed by them from said Scott.

" 4. That plaintiffs Clara B. Crow and Elizabeth M. Crow are the daughters and only surviving children of said Thomas A. Braley and Mary Ann Braley. That said Thomas A. Braley and Mary Braley were

married in the State of Missouri on the 12th day of October, 1858. That the maiden name of Mary Ann Braley was Mary Ann Stallcup, and she was the sister of Green Stallcup. That Mary Ann Braley died May 30, 1869, and that Thomas A. Braley died November 13, 1890. That plaintiff Elizabeth Crow was born July 8, 1859, and was married to Benjamin Crow on May 31, 1882, and that said Benjamin Crow died April 21, 1886. That Clara B. Crow was born August 28, 1864, and married John B. Crow, who still lives, on June 22, 1887.

" 5. That the money paid by Thomas A. Braley on the purchase of said land was acquired before he came to Texas, and that by the laws of the State of Missouri, where Thomas A. and Mary Ann Braley were married, property acquired during marriage became the separate property of the husband.

" 6. That each of the defendants has established his plea of the statute of five years limitation against the plaintiff Elizabeth M. Crow, but not against Clara B. Crow, and that each of the defendants is a ' possessor in good faith' of the land claimed by him, and has made permanent and valuable improvements thereon, to the value stated in the statement of facts filed in this case.

"As a matter of law, I find that the land in controversy having been paid for to the extent of $463.73 of the purchase price by Thomas A. Braley by money he acquired in the State of Missouri, it became his separate property, and not the community property of himself and his wife, Mary Ann Braley; and his right thereto having been barred before his death, plaintiffs can not recover through him.

"And I find, that though the execution of date the 30th day of June, 1870, by virtue of which the lands in controversy were sold by the sheriff of Cooke County to R. F. Scott, was void, the estate of said Stallcup having received the benefit of said sale, it was sufficient to pass the title of said estate to said lands to the purchaser at said sale. And the said Thomas A. Braley having never paid for said lands, and a vendor's lien having been reserved in the deed to him, the title of the Stallcup estate therein which passed to the purchaser at said sale was superior to the title of said Braley, and is sufficient to defeat a recovery by plaintiffs; and hence I render judgment for defendants."

*Conclusions of Law.*—The controlling question in the case is raised by the first and second assignments of error, which require us to pass upon the sufficiency of the evidence to support the fifth finding quoted above; the contention of appellants being, that the cogent presumption, that property acquired during marriage is community property, was not overcome by the testimony. The record does not present a case of conflicting evidence, but only a few meager facts from which the conclusion in question was drawn. It appears that after the marriage of Thomas A. and Mary

Ann Braley, which occurred in the State of Missouri, in October, 1858, they came to Texas, whether immediately or not does not appear, but that they were residing at Gainesville, Cooke County, as early as December, 1859, and continued to so reside for a year or more thereafter.

It does not appear whether during that time their intention was to remain in Texas or to return to Missouri. The only two witnesses produced by the appellees to prove that the purchase money paid for the land in controversy was not acquired in Texas testified, that they did not think Thomas A. Braley followed any business while in Gainesville, Texas, except looking after the estate of Green Stallcup. It appears, however, that he qualified in December, 1859, as administrator of the estate of James Stallcup, deceased, a brother of Green Stallcup. There was no evidence that he ever acquired any money or property in the State of Missouri, or that he brought any with him to the State of Texas. The evidence does not show when or precisely how much of the purchase money was paid for this land, but we think it should be inferred that none was paid earlier than eighteen months after they came to Texas. It appears that the land was bought on a credit of twelve months, under an order of the Probate Court made more than six months after they came, and during that time they resided at Gainesville, Texas. To hold that the land was in part paid for with the separate property of Thomas A. Braley, we would have to presume that he owned property in Missouri; that he brought it to Texas and used it in paying for the land, which would be to deduce one presumption from another in order to overcome a presumption, which the law will not permit. Railway v. Porter, 73 Texas, 304.

Under this state of the proof, we are constrained to hold, that the presumption, that property purchased during marriage is community property, was not sufficiently rebutted to justify a finding to the contrary. Our conclusion from the statement of facts is, that the land in controversy, when purchased by Thomas A. Braley on a credit of twelve months, became the community property of himself and wife. Epperson v. Jones, 65 Texas, 425. The other findings of fact, in so far as they do not conflict with this conclusion, are approved. We conclude, therefore, that appellant Clara B. Crow is entitled to recover, as heir of her deceased mother, an undivided one-fourth interest in the land in controversy; but that the other appellant is not entitled to recover anything, her right being barred by the statutes of limitation.

By the ninth assignment of error, appellants contend, that as to J. D. and J. W. Robinson, Elizabeth Crow is not barred, because she was a married woman when the deeds under which they claim were placed upon record. The answer to this is, that her replication in avoidance of the pleas of limitation did not assert the disability of coverture, but only

that of infancy. The same answer disposes of the eighth assignment of error, as to the defendant Stansbury.

The answer to the tenth assignment of error, that as to the defendant J. B. Martin, there was no plea of the five years statute, is, that the ten years statute was set up, and the plea seems to have been sustained by the proof. We conclude, then, that the judgment rendered against appellant Elizabeth Crow should be affirmed.

It is urged in support of the judgment against Clara B. Crow, that if there was error in the conclusion that the land in dispute became the separate property of Thomas A. Braley, it must be sustained by the further conclusion of law upon which it was rested, that though the execution sale to R. F. Scott, made in June, 1870, under whom appellees claim, was void, it was nevertheless sufficient to pass the superior title remaining in the Stallcup estate, on the ground that said estate had received the benefit of the sale. This seems to us to be an unwarranted application of the anomalous doctrine, which, strange to say, has become a rule of property in this State, that by expressly retaining the lien which the law implies, the nature of the transaction itself is said to be changed from an executed to an executory contract so as to retain in the vendor of land the superior title till all the purchase money is paid. Weems v. Masterson, 80 Texas, 45.

The title never was in the administrator, but immediately on the death of Green Stallcup was cast upon his heirs or vested in his devisees, subject to be divested by the court for purposes of administration, in accordance with the provisions of the probate statute. The administrator's deed, made in pursuance of the order of the Probate Court confirming the sale, in terms vested the title in Thomas A. Braley, and on its face made the land community property of Braley and wife. This was solely by virtue of a compliance with the statute empowering the court to divest the title of the heirs or devisees in order to raise money to pay the debts against the estate. Pasch. Dig., arts. 1322, 1327, 1333.

According to the court's findings, more than half of the purchase price was received from Thomas A. Braley as a result of the sale so regularly ordered and made. From the subsequent and void execution sale, made without authority of any court, the subsequent administrator seems to have received from appellees' vendor less than one-fifth ($142) of the amount originally approved by the Probate Court as the reasonable purchase price of the land. It is not perceived upon what principle such a void proceeding on the part of an administrator, who derives all his power from the law and the orders of the court, can operate to transfer to appellees the superior title, which is held to remain in the heirs or devisees till all the purchase money of a sale regularly ordered, made, and approved is paid. Burgess v. Millican, 50 Texas, 397.

While a vendor in whom the superior title remains may elect, in de-

fault of the payment of the purchase money, to avoid the sale by reselling to another, no such power belongs to an administrator. He could only resell, as in the first instance, by obtaining an order of court.

In a contest of titles between appellants, claiming as heirs of Mary Ann Braley, deceased, under the conveyance regularly made to Thomas A. Braley pending his marriage with Mary Ann Braley, and appellees, claiming under a purchase at a subsequent sale made by virtue of a void execution levied on the land in controversy as the property of Thomas A. Braley, we think appellants hold the superior title under the common source, except in so far as it is defeated by limitation.

If reliance should be placed on the defenses of an outstanding legal title in the owner of the estate of Green Stallcup, deceased, and the claim under Thomas A. Braley as a common source would not preclude its assertion, it would seem that the judgment would have to be reversed and the cause remanded on the ground of error in excluding the will of Green Stallcup, deceased, whereby this legal title was devised to the mother of appellants. Burgess v. Millican, 50 Texas, 397.

The further contention of appellees, that the judgment must be sustained on the ground that the money paid at the void execution sale by their common vendor, Scott, at least removed an encumbrance from appellants' title, and thereby enabled them to retain possession of the land in the absence of an offer on the part of appellants to reimburse them, must also be denied, because no such facts were alleged. Such a defense invokes the equity of subrogation, and is held to be so far in the nature of affirmative relief as to require that it be specially pleaded in an action of trespass to try title. Fuller v. O'Neil, 69 Texas, 349.

The judgment as to Clara B. Crow and husband will be reversed and here rendered, vesting in her an undivided one-fourth interest in the land in controversy; but the cause will be remanded for further proceedings in partition to adjust the equities growing out of valuable improvements made by the several defendants. We could not, in the state of the record brought here, in the absence of partition proceedings, adjust these matters, as the parties seem to contemplate, further than to approve the finding in favor of appellees on that issue, which we do. We would not be justified in entering judgment against the warrantors in the absence of an appearance by them, without its being made to appear by the record that they had been cited.

In remanding the cause, therefore, it will be without prejudice to the rights of the parties entitled to such relief.

*Reversed and remanded.*

Delivered June 28, 1893.

Motion for rehearing overruled.