## R. H. WILKIN V. GEO. W. OWENS & BROTHERS.

### No. 1899. Decided December 16, 1908.

**1.—Administrator's Sale—Description of Land.**

The description of land in an administrator's application for sale as "the north half of the town of P., patented to L. by virtue of the preemption laws of the State of Texas," and in his report of sale as "7½ acres out of the N. E. quarter of the L. preemption," that being the only description given in the proceedings was insufficient to identify the 7½ acres claimed to have been transferred by such sale, and it passed no title. (Pp. 198, 199.)

**2.—Administrator's Sale—Estoppel of Heirs.**

Heirs were not estopped from claiming title to land the sale of which by the administrator was void for want of a description sufficient to identify it, by the fact that they received property of the estate increased by the proceeds of such sale or relieved thereby from liability for debts of the decedent. (P. 199.)

**3.—Administrator's Sale—Purchaser from Heirs—Equitable Subrogation—Pleading.**

Defendants claiming land under an invalid administrator's sale, as against plaintiffs claiming under conveyance from the heirs, must plead their right to an equity of subrogation in the property illegally sold by reason of the purchase money paid by them for the benefit of the estate; the plaintiffs were not required to tender such purchase money to entitle them to maintain trespass to try title. Williams v. Wilson, 76 Texas, 69 distinguished. (Pp. 199, 200.)

**4.—Practice in Supreme Court—Remanding Cause.**

A case being remanded on reversal, in order to enable appellees to plead and prove their right, on an administrator's sale of land to them being held invalid, to an equitable subrogation, as a claim against the land, of their demand for the amount paid by them on the void sale and going to the use of the estate for the benefit of appellants, it was proper, on payment by appellants of the sum in question; for the Supreme Court on rehearing to render judgment instead of remanding. (Pp. 200, 201.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Hale County.

Wilkin sued Owens & Bros. and appealed from a judgment for defendant, which being affirmed he obtained writ of error.

*L. C. Penry, H. C. Randolph* and *J. C. Randolph,* for plaintiff in error.—An administrator's deed: which shows on its face that it is executed in pursuance of a void order of the Probate Court, is itself a nullity, and may be attacked collaterally. Withers v. Patterson, 27 Texas, 496; Merriweather v. Kennard, 41 Texas, 277; Brockenborough v. Melton, 55 Texas, 506; Lindsay v. Jaffray, 55 Texas, 638; Ball v. Collins, 5 S. W., 622. ·

An administrator's deed which recites that it is in pursuance of an order of the Probate Court, which order does not describe the land described in the deed, is a nullity, and subject to collateral attack. Rev. Stats., art. 2147; Harris v. Shafer, 86 Texas, 314; Wicks v. Odom, 74 Texas, 214; Macmanus v. Orkney, 39 S. W., 617.

Where the defense in an action of trespass to try title invokes the equity of subrogation, it is in the nature of affirmative relief

and must be specially plead.    Crow v. Fiddler, 3 Texas Civ. App., 576; Fuller v. O'Neal, 69 Texas, 349.

An administrator's sale of land is a judicial sale, and the doctrine of caveat emptor applies, and the purchaser takes without warranty, express or implied.    Lynch v. Baxter, 4 Texas, 437; Edmonson v. Hart, 9 Texas, 555; Williams v. McDonald, 13 Texas, 325; Ward v. Williams, 45 Texas, 619; Medlin v. Wilkins, 60 Texas, 343.

*Prendergast & Williamson,* for defendants in error.—The record in this case unquestionably shows: a regular administration of the estate of E. L. Lowe by a court that clearly had jurisdiction; a necessity for the sale of the land in controversy; an application for the sale; an order authorizing the sale; a sale and the report thereof; a confirmation of the sale by the court, and an order directing the administrator to execute a deed to the purchaser; the payment for the land by the purchaser and a deed by the administrator to him; the heirs received and got the benefit of this purchase money.    Hence, the title to the land passed from the estate, and neither all nor any of these proceedings or orders, however irregular, are subject to collateral attack, and the judgment of the lower court in favor of the appellees is correct and is the only judgment which could have been properly rendered, and that judgment should be affirmed.    Nelson v. Bridges, 98 Texas, 523; Taffinder v. Merrell, 95 Texas, 101; Weems v. Masterson, 80 Texas, 45; Bouldin v. Miller, 87 Texas, 36; Murphy v. Sisters, etc., 43 Texas Civ. App., 638; Dickson v. Moore, 9 Texas Civ. App., 514; Lloyd v. Waller, 74 Fed. Rep., 602; Poore v. Boyce, 12 Texas, 440; Herman v. Likens, 90 Texas, 448; McCanns v. Orkney, 91 Texas, 31; Davis v. Touchstone, 45 Texas, 497; Hurley v. Barnard, 48 Texas, 88; Gillenwaters v. Scott, 62 Texas, 672; Tom v. Sayers, 64 Texas, 343; Dodd v. Templeman, 76 Texas, 61; Lyne v. Sanford, 82 Texas, 58; City of El Paso v. Fort, etc., Bank, 96 Texas, 497.

The record showing that the children, the heirs of E. L. Lowe deceased, received the benefit of the money, full value, that was paid for the land in controversy, they are, and their vendee is, estopped from a recovery in this case, and the judgment of the lower court should be affirmed in that ground if for no other.    Stephenson v. Marsalis, 11 Texas Civ. App., 173; Railway Co. v. Blakely, 73 Texas, 180, and cases therein cited.

Mr. Chief Justice Gaines delivered the opinion of the court.

The Court of Civil Appeals in its first opinion in this case reversed the judgment of the District Court and rendered judgment in favor of appellant, but upon motion for rehearing they affirmed the judgment of the court below.    The suit was brought by appellant against appellees to recover seven and two-fifths acres of land adjoining the town of Plainview in Hale County, Texas, in an action of trespass to try title.    The land was the property of one Lowe, to whom it was granted upon pre-emption certificate.    Lowe died leaving two children, Mattie N. and Janie A., the ages being respectively

ten and five years. One C. H. Gilbert became the administrator of the estate and applied for an order of sale, describing the property to be sold "as all those lots yet unsold, being situated in the County of Hale and State of Texas, and better known as the north-half of the town of Plainview, patented to E. L. Lowe, by virtue of the pre-emption laws of the State of Texas." In the report of sale by the administrator the property is described as follows: "Also 7 2-5 acres out of the N. E. quarter of E. Lowe pre-emption." The order approving the sale, dated November 7, 1890, contains no description of the land whatever. The Court of Civil Appeals in their first opinion held that the description of the land was insufficient and that the sale did not pass the title; but in their opinion on motion for rehearing they say: "The administrator filed his final account on February 18, 1893, which report appears never to have been acted upon, and on January 15, 1894, was removed as administrator of the estate on account of his continued absence from the State. No other administrator has ever been appointed, but said Lowe's daughters have taken charge of and disposed of the estate as though the same had been duly closed. In thus accepting what remained of the estate of their father the heirs undoubtedly received the benefits of the proceeds of the sale of the land in controversy. If they did not receive a part of the proceeds as such they at least received property of the estate which otherwise would have been liable for the payment of debts against the estate and in either event are in no position to seek a recovery of the land. It is not necessary for us to decide whether the conduct of the heirs in passively approving the administration and accepting what remains of the estate amounts to an absolute estoppel to recover the land unlawfully sold, or merely imposes upon them the duty of tendering a repayment of the purchase money, since at no time did the plaintiff, who claims by mesne conveyances under them, offer to restore the purchase money."

We concur with the court in holding that the sale was invalid by reason of failure to describe the land, but we can not assent to the proposition that the grantees of the heirs of Lowe are estopped to assert any claim to it. We see no element of estoppel in the facts of the case. To hold that the heirs are estopped by reason of the fact that they received the remainder of the property without entering any protest we think is untenable, because we can not see that the fact that the heirs received and disposed of that which was unsold should deprive them of an assertion of a right to that which was illegally sold, nor do we agree with the court in that the property could not be recovered without paying back the purchase money. It is held distinctly in the case of Fuller v. O'Neil, 69 Texas, 349, that in order to assert an equity of subrogation in property that had been illegally sold the facts must be pleaded. We think this is a correct ruling, and was approved by this court in the case of Crow v. Fidler, 3 Texas Civ. App., 582, and in Matthews v. Moses, 21 Texas Civ. App., 496, in which applications were made to this court for writs of error and refused. See also Black v. Garner, 63 S. W., 918.

The case of Williams v. Wilson, 76 Texas, 69, is seemingly in conflict with the decision last cited, but in that case the land had been leased for a period of ninety-nine years, which was held by the court to be equivalent to a sale and therefore void under the law and prohibited by the statute, during the life time of the grantee, which authorized the granting of a certificate. In that case the heirs sued directly to set aside the lease and it was held they could not recover without paying back the purchase money which had been paid for the lease. Since in an action of trespass to try title a defendant without a plea may show any fact that will defeat the plaintiff's right to recover, since in making out their case they showed the lease and the purchase money that was paid for it they were held not entitled to recover without tendering the consideration shown to have been paid their ancestor for the land. We think that case clearly distinguishable from this, in which the attempt is to subrogate the parties claiming under the purchase to a lien upon the lands for the purchase money on the ground that it had been used in paying the debts of the estate and the heirs had derived the benefit thereof.

We conclude that the plaintiff was entitled to recover the land and therefore reverse the judgments of the Court of Civil Appeals and District Court and here render judgment for plaintiff in error.

*Reversed and rendered.*

### ON MOTION FOR REHEARING.

#### Opinion delivered January 27, 1909.

Upon a consideration of the motion for rehearing in this case we have reached the conclusion that we were wrong in reversing and rendering the judgment instead of remanding the cause for a new trial. We think the circumstances of the case are such as to demand that the appellee should have an opportunity to amend his pleading so as to claim the money paid the administrator for the land as a condition to its recovery. Accordingly the judgment is reversed and the cause remanded for a new trial.

### ON MOTION FOR REHEARING.

#### Opinion filed March 31, 1909.

These are motions for a rehearing, No. 2000, by defendants in error, which urges that the previous decision of this court is radically wrong; No. 2025 is by plaintiff in error, in which it is prayed that the judgment of this court should be rendered for the appellant for the land—conditioned upon his paying to defendants in error the money originally paid the administrator for the land, with legal interest thereon. We are of opinion that No. 2000 should be overruled; and it is accordingly so ordered. No good reason suggests itself to our minds why the prayer of No. 2025 should not be granted. It accomplishes the object for which we had remanded the cause. It is therefore ordered, that the motion in this respect be

granted and that judgment be here rendered that the plaintiff in error do have and recover of the defendants in error the land in controversy, on condition that he pay defendants in error the amount bid for said land at the attempted sale and interest thereon to this date.

*Reversed and rendered.*