### NELS LOFQUIST

*v.*

### J. E. ERRICKSON *et al.*

*Filed at Ottawa October 29, 1894.*

1. DECREE—*presumed to be correct.* Where the witnesses are examined in open court before the chancellor, error in the findings of fact must be clear, to overcome the presumption in favor of the correctness of the decree, which presumption is allowed to prevail, in a qualified way, in chancery cases.

2. HOMESTEAD—*the right must be set up in the answer.* To claim a homestead as against a creditor's bill, the right must be set up in the answer.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. M. J. DOUGHERTY, for the appellant.

Messrs. THOMPSON & SHUMWAY, for the appellees:

Where the evidence is conflicting, due weight should be given to the fact that the chancellor was in a situation to judge of the relative credibility of the witnesses, and the weight to be given them. *Voss* v. *Venn*, 132 Ill. 14; *Schoonmaker* v. *Plummer*, 139 id. 618.

A defendant in chancery can not avail himself of any matter in defense not stated in his answer, even though

it may appear in the evidence. *Johnson* v. *Johnson*, 114 Ill.
611; *Halloran* v. *Halloran*, 137 id. 109; Daniell's Ch. Pr. 726.

Mr. JUSTICE BAKER delivered the opinion of the court :

Appellees, Errickson & Larson and J. P. Anderson &
Bro., filed a creditors' bill against Olof Nelson and appel-
lant, Nels Lofquist, in the circuit court of Knox county,
to the October term thereof, 1892, to set aside a convey-
ance dated August 24, 1891, made by Olof Nelson to Nels
Lofquist, conveying to the latter the east half of lot 10,
in block 2, in Peck & Wood's addition to the city of
Galesburg, and to subject the property to the payment
of executions issued on judgments obtained by appellees
against Nelson for debts that he owed prior to the mak-
ing of the deed. The ground on which this relief was
prayed was, that the conveyance to Lofquist was fraudu-
lent, and was made with the purpose of hindering and
delaying Nelson's creditors. The judgments in question
were obtained against Nelson, one by Errickson & Larson
on July 9, 1892, for $236.25, the other by J. P. Anderson
& Bro., on the same day, for $94.50. Default was entered
against defendant Nelson, and the cause proceeded to
trial against defendant Lofquist. The decree was for the
complainants, finding the allegations of the bill to be true,
and setting aside the conveyance to Lofquist, and order-
ing the property to be sold to pay complainants' said
judgments. From that decree appellant prosecutes this
appeal.

The testimony introduced at the hearing was quite
voluminous and quite conflicting. The discussion of it in
detail would serve no useful purpose. That produced by
appellees is sufficient to sustain the decree. The presump-
tion is in favor of the validity and correctness of the
decree that was entered, and although this presumption
is ordinarily allowed to prevail only in a sort of qualified
way in a chancery suit, yet here is superadded the fact
that the witnesses were examined in open court before

the chancellor, and he had better opportunities than we of correctly judging of their credibility and of the weight of their testimony. In such state of the case, the error in the findings of the chancellor upon matters of fact must be clear and palpable before a reversal will be authorized. *Coari* v. *Olsen*, 91 Ill. 273, and numerous subsequent cases.

No homestead was set up in the answer; and besides this, the homestead had been abandoned prior to the fraudulent conveyance, and the value of the premises was very greatly in excess of the homestead estate that is exempt from forced sale. For these reasons, the doctrine of *Moore* v. *Flynn*, 135 Ill. 74, has here no application.

We find no manifest error. The decree is affirmed.

*Decree affirmed.*