T. B. ALLISON v. U. G. SNIDER.

*Action to Recover Land—Sheriff's Deed for Land Sold Under Execution—Prima Facie Title—Right to Homestead—Burden of Proof—Practice.*

1. A purchaser of land at a judicial or sheriff's sale under execution has *prima facie* title.
2. One who seeks to avoid the *prima facie* title of the purchaser of land at sheriff's sale under execution, on the ground of homestead rights, must allege specifically in his pleading the facts upon which the homestead rights depend, and the burden is upon him to establish such facts.
3. If, in the trial of an action to recover land by the purchaser at execution sale, it appears, either by the admission of the parties or by the evidence of either, that no homestead was allotted before the sale, the plaintiff cannot recover, although such fact was not specially pleaded, but, where nothing of the sort is alleged, pleaded or proved, the *prima facie* right of plaintiff will control.

This was a CIVIL ACTION, to recover the possession of the land described in the complaint, tried before his Honor, *W. S. O'B. Robinson, Judge,* and a jury, at the Fall Term, 1895, of the Superior Court of JACKSON County. The plaintiff claims, under a sheriff's deed made in pursuance of a sale of the *locus in quo* made by J. E. McLain, sheriff of Jackson county, on the 3d day of September, 1894, to satisfy an execution in his hands against one J. T. Stiles.

The plaintiff offered in evidence a docketed judgment in favor of Allison and Enloe and against said J. T. Stiles; an execution issued on said judgment, return of sheriff on said execution, and a deed from said sheriff to said Allison, made in pursuance of said sale on the 3d day of September, 1894, and duly recorded.

The plaintiff introduced the sheriff, who testified to the sale of the land by him as sheriff under the execution in evidence, the execution of the deed and the identity of the land conveyed with that described in the complaint.

For the purpose of showing that both parties to this action claim title under J. T. Stiles, the plaintiff then offered in evidence a deed from said J. T. Stiles to U. Grant Snider, the defendant in this action, for the *locus in quo*, dated the 13th day of December, 1893, and recorded in Book S. of the records of deeds of Jackson county, on page 81, on the 25th day of April, 1894.

The plaintiff then introduced J. W. Fisher as a witness, and he testified that on the 13th day of December, 1893, U. Grant Snider, the defendant in this action, and J. T. Stiles came to his office, and that he prepared for them the deed from J. T. Stiles to U. Grant Snider, offered in evidence, and a note which was executed by said Snider to said Stiles, for the balance of the purchase-money due from said Snider to said Stiles for the land in controversy; that said Stiles executed and acknowledged said deed and deposited the same with him to be held in escrow by him (Fisher) until said Snider paid the note which he then signed and delivered to said Stiles for the balance of the purchase money; that said Stiles, in the presence of said Snider, then told him (Fisher) to deliver said deed to said Snider whenever Snider produced the note above mentioned, marked paid, or brought an order from him (Stiles) to him (Fisher) for said deed; that on the 23d or 24th day of April, 1894, said Snider brought said note to him marked paid; and that he then, on the 23d or 24th of April, 1894, delivered said deed to said Snider.

The plaintiff then closed his case and the defendant testified in his own behalf that J. T. Stiles executed the deed from said Stiles to him, offered in evidence by the plaint

ALLISON *v.* SNIDER.

iff on the 13th day of December, 1893, and after acknowl-
edging the execution of the same, left said deed with
J. W. Fisher and instructed said Fisher to deliver the same
to him (Snider) whenever he (Snider) should produce the
note which he then executed for the balance of the pur-
chase-money of the land described in said deed, marked
paid, or should bring an order from said Stiles to said
Fisher for said deed; that he paid said note to a man who
purchased the same from Stiles, and on the 23d or 24th of
April, 1894, exhibited said note to said Fisher, who then
delivered said deed to him as he had been instructed to do
by said Stiles; that on the 14th day of December, 1893,
said Stiles surrendered the possession of the land in con-
troversy to him, and that he then allowed said Stiles to
re-enter into the possession of said land and remain in
possession of the same for a few weeks until he went West;
and that Stiles did go West about last of December, 1893,
or first of January, 1894; and that he has ever since been
in possession of said land. The plaintiff objected to this
evidence of possession.

Objection overruled and the plaintiff excepted.

The defendant then closed his case, and his Honor held
and ruled that the plaintiff had closed his case, and refused
to allow the plaintiff to introduce any further evidence.
The plaintiff excepted to this ruling and holding of his
Honor. His Honor then ruled and held that the plaintiff
was not entitled, in any aspect of the case, to recover in
this action, stating that the burden of showing that a
homestead had been allotted to J. T. Stiles before the sale
of the lands in controversy, made by the sheriff on the 3d
day of September, 1894, or that said Stiles was not entitled
to have a homestead allotted to him before said sale, was
on the plaintiff, and that as there was no evidence that a
homestead had or had not been allotted to said Stiles, nor

that said Stiles was or was not entitled to have a homestead allotted to him before said sale, the plaintiff could not recover in this action.   The plaintiff duly excepted to this holding and ruling of his Honor.

In deference to the opinion of his Honor that the plaintiff was not entitled to recover, the plaintiff submitted to a judgment of non-suit and appealed.

*Messrs. Moore & Moore* and *Walter E. Moore* and *Shepherd & Busbee*, for plaintiff (appellant).
*Mr. J. M. Moody, contra.*

FAIRCLOTH, C. J.:   The plaintiff sues for possession of land and alleges title.   The defendant admits that he is in possession, and denies that the plaintiff has any title, and avers nothing more.   Plaintiff and defendant claim under one Stiles; the former by a sheriff's deed under a judgment docketed January 8, 1894, the latter by a deed from Stiles, dated December 13, 1893, but not delivered and recorded until April 24, 1894.

The defendant contends that, as it does not appear that any homestead· was laid off by the sheriff, the sale and deed to plaintiff are void.   He does not aver in his answer that the homestead was not laid off, nor attempt to prove it, and it does not appear whether it was laid off or not. His Honor held that the burden of showing that it was laid off, or that the judgment debtor was not entitled to it, was upon the plaintiff, and that he could not recover.   In this there was error.

A purchaser at a judicial or sheriff's sale, under a regular judgment and execution, has a *prima facie* title, because there are circumstances when the judgment debtor is not entitled to a homestead, as if the debt be for the purchase-money, non-residence, or sale for taxes.   One

who seeks to avoid the *prima facie* title on the ground of homestead rights must allege in his pleading specifically the facts upon which the homestead right depends, and the burden is upon him to establish such facts. *Dickens* v. *Long*, 109 N. C., 165; *Fulton* v. *Roberts*, 113 N. C., 421.

If, however, the fact that no homestead was allotted (in proper cases) appears, either by the admission of the parties or by evidence of either, it will prevent a recovery, although not specially pleaded. *Mobley* v. *Griffin*, 104 N. C., 112. Here nothing is alleged, admitted or proved, and the *prima facie* right will control. The case will go back, to the end that the parties may proceed as they are advised.

Reversed.