A. B. MARSHBURN v. D. D. LASHLIE et al.

(Decided March 22, 1898.)

*Execution—Judgment — Variance—Homestead — Allot-
ment—Estoppel.*

1. Where a judgment was rendered against H for $182.20 and against other defendants, separately mentioned, for various amounts, and an execution was issued reciting only the judgment against H for $182.20, and commanding the sheriff to satisfy it out of H's property, *Held* that the execution sufficiently conformed to the judgment (Sections 448 and 1347 of *The Code*), and the variance was technical and immaterial.

2. A purchaser at a judicial or execution sale has a *prima facie* title, and the defendant in an action of ejectment who seeks to avoid such title on the ground of homestead rights must specifically plead the facts upon which the homestead right depends.

3. Where a homestead is allotted to a judgment debtor in one tract of land and he files no exceptions thereto, he cannot claim a homestead in other land after a conveyance thereof by him has been set aside as fraudulent.

DOUGLAS, J., dissents.

CIVIL ACTION to recover land, tried before *Robinson, J.*, and a jury at October Term, 1897, of WAKE Superior Court. The plaintiff claimed under a Sheriff's deed following an execution sale of the land as the property of H. C. Lashlie. The plaintiff offered the deed in evidence, as also the execution, which was as follows:

"Whereas, judgment was rendered on the 10th day of November, 1894, in the Superior Court of Wake County, in an action between B. Liles, Wm. Watts et al, plaintiffs, and J. Rowan Rogers, John Upchurch, James Ennis, J. P. Sorrell, J. D. Pearce, Loftin Harrison, R. B. Ellis and J. W. Pernell, defendants, in favor

of said S. Watts, A. B. Marshburn et al, against the defendant, H. C. Lashlie, for the sum of one hundred and eighty-two dollars and twenty cents, as appears to us by the judgment roll, filed in the office of the Clerk of the Superior Court of said county:

And whereas, the judgment docket in this county on the 21st day of November, 1894, and the sum of one hundred and eighty-two dollars and ninety cents is due thereon, with interest on same from the first day of October, 1891; and the further sum of seventy-six dollars and ten cents for costs and disbursements in said suit expended, whereof the said H. C. Lashlie is liable.

You are therefore commanded to satisfy the said judgment out of the personal property of the said defendant within your county; or, if sufficient personal property cannot be found, then out of the real property in your county belonging to such defendant, &c.

The judgment was one rendered on the report of a referee in an action against a defaulting sheriff and his sureties, the amount of the judgment against H. C. Lashlie being for $182.20, and various amounts against the other defendants separately stated.

The appraisers summoned by the sheriff had allotted to the defendant, H. C. Lashlie, as a homestead, a tract of land of 32 acres, valued at $40. No excess was reported. The sheriff, under the direction of the plaintiff, sold the land sued for, which had been conveyed by the defendant H. C. Lashlie to his son D. D. Lashlie, at which sale the plaintiff bought. The tract so sold contained 109 acres.

The plaintiff tendered the following issues:

1. Is the plaintiff the owner of the land described in the complaint?

2. Were the defendants in the wrongful posses-

sion of the land at the time this action was begun?

3. What is the annual rental value of said land?

The defendants tendered the following issues:

1. Did the defendant, H. C. Lashlie, convey the land in question with the fraudulent intent to hinder, delay or defeat creditors?

2. Did the defendant, D. D. Lashlie, have a fraudulent intent in accepting said deed?

3. What was the value of the land at the time of conveyance?

4. What amount, if any, did D. D. Lashlie pay for the land?

It was in evidence that at the time of the issuance of the summons herein the defendant, D. D. Lashlie, was in the possession of the land in controversy; H. C. Lashlie was living on it also.

In the argument on the issues, counsel for defendant insisted that before the rendition of plaintiff's judgment, H. C. Lashlie, being largely indebted, conveyed the land to his son, D. D. Lashlie, and contended that the issue was to whether said conveyance was in fraud of creditors, the plaintiff being one of his said creditors. The Court did not settle the issues before ordering the non-suit.

Upon this evidence the Court non-suited the plaintiff, who excepted and appealed.

*Messrs. Jones & Boykin* and *Battle & Mordecai* for plaintiff (appellant).

*Messrs. Argo & Snow* for defendants.

CLARK, J.: The execution sufficiently conforms to the judgment. The variance is technical and immaterial. *Rutherford* v. *Raburn*, 32 N. C., 144; *Green* v. *Cole*, 35 N. C., 425; *Hinton* v. *Roach*, 95 N. C., 106;

*Wilson* v. *Taylor*, 98 N. C., 275; *Code*, Sections 448 and 1347.

A purchaser at a judicial or execution sale has a *prima facie* title, and a defendant in an action of ejectment, who seeks to avoid such title on the ground of homestead rights, must specifically plead the facts upon which the homestead right depends (*Allison* v. *Snider*, 118 N. C., 952; *Fulton* v. *Roberts*, 113 N. C., 421; *Dickens* v. *Long*, 109 N. C., 165; *Edwards* v. *Taylor*, *supra*) unless they are admitted or appear in the plaintiff's evidence. *Mobley* v. *Griffin*, 104 N. C., 112. Here, the defence of the homestead is not set up in the answer. It appeared, however, in the evidence offered by the plaintiff that the homestead of the defendant, H. C. Lashlie, was allotted in another tract of land and that he did not except to such allotment. It is contended, however, for the defendants that, if the conveyance of the tract of land in dispute, by H. C. Lashlie to D. D. Lashlie, is found by the jury to be fraudulent, H. C. Lashlie can still set up his claim to homestead therein. *Crummen* v. *Bennet*, 68 N. C., 494; *Arnold* v. *Estis*, 92 N. C., 162; *Rankin* v. *Shaw*, 94 N. C., 405; *Dortch* v. *Benton*, 98 N. C., 190. But those decisions apply only where no homestead was set apart, in which case, when the land is adjudged to be the property of the fraudulent grantor, he is entitled to his homestead therein. *Crummen* v. *Bennet*, *supra*, did not meet the hearty approbation of the profession when rendered, and though it is now too well settled to be shaken the courts have never gone beyond it. Accordingly, a line of cases has equally as well settled the principle that where the homestead is allotted and no exception is filed thereto, if other land is adjudged to have belonged to the debtor at the time

of the allotment and to have been conveyed by him in fraud of creditors, there is an estoppel of record against such debtor, which prevents him from claiming a homestead in the land, when the fraudulent conveyance is set aside in an action brought by the purchaser at execution sale. *Whitehead* v. *Spivey*, 103 N. C., 66; *Spoon* v. *Reid*, 78 N. C., 244; *Burton* v. *Spiers*, 87 N. C., 87, which are cited with approval in *Springer* v. *Colwell*, 116 N. C., 520. In the first two cases, as in the present one, the homestead allotted was less than $1,000. *Whitehead* v. *Spivey*, *supra*. Here, the homestead allotted was 32 acres of land with dwelling and buildings thereon, but valued at only $40. Whether this was the true value or not, the homesteader had had his day in court, his homestead was allotted, and the return of the allotment filed and recorded, he did not claim it in the land now in controversy, he filed no exception, and the allotment is *res judicata*.

When the case goes back, and the defendant D. D. Lashlie shall set up his deed from H. C. Lashlie, it will be open to the plaintiff to attack it for fraud. Upon that issue the result of the action must depend, for H. C. Lashlie in any event is estopped to assert a homestead therein.

In no aspect of the case can the non-suit be sustained, and it must be set aside.

Error.

DOUGLAS, J., dissents.