## L. P. TAFFINDER ET AL. V. W. M. MERRELL ET AL.

Decided April 27, 1898.

**1. Judgment—Description of Land—Patent Ambiguity.**

A description of real property in a partition decree in probate proceedings as "two town lots in the town and county of Hamilton, Texas," was insufficient to vest legal title in the parties to whom the lots were sought to be decreed, and the ambiguity being patent could not be aided by other evidence.

**2. Same—Deed—Equitable Title.**

A description of land in a deed as "being in Hamilton County, Texas * * * the north half of lot No. 5 * * * on the east side of the square, and so numbered on the plat of the town," 'but not naming the town, was insufficient to show title in the grantee from the heirs so as to connect him with any equities which they might assert to the lots by reason of a defective decree to them in partition proceedings.

**3. Trespass to Try Title—Pleading—Outstanding Equity.'**

Defendant in trespass to try title may show an equitable title under which he claims under a plea of not guilty.

**4. Limitation—Disability—Inconsistent Charge.**

A charge allowing defendants' claim of limitation on proof of the requisite adverse possession should be qualified- with reference to ·the exceptions of coverture, the presentation of such exceptions in separate charges not so referred to rendering the charges inconsistent and conflicting.

**5. Abstract of Title—Amendment—Discretion.**

It was not an abuse of discretion for the court to permit a party to withdraw his announcement during trial for the purpose of amending an imperfect abstract of title, filed in pursuance of demand made therefor, and to introduce evidence warranted only by such amended abstract.

**6. Assignment of Error.**

An assignment of error in admitting testimony over various objections thereto set up in bills of exceptions, is too general to be considered.

Appeal from Hamilton.    Tried below before Hon. J. S. Straughan.

Among the errors assigned by appellants were the following:

3.    The court erred in permitting the defendant Merrell to amend his abstract of title during the trial of this cause on the 19th of December, 1895, after he had failed to file an abstract in writing of his title to the premises in question within twenty days after notice, as set out in plaintiffs' and intervener's bill of exceptions number 2.

4.    The court erred in admitting in evidence for defendants the answer of L. P. Taffinder to interrogatory number 6 as set out in bill of exceptions number 4 of plaintiffs and interveners.    [Statements of several matters of fact embraced in the answer and of several objections thereto were embraced in the bill of exceptions referred to.]

10.    The court erred in admitting in evidence for the defendants the deed for the property in question from Thomas Emmett to M. S. Brunk, also the deed for the same from M. S. Brunk and wife to H. A. Shipman, retaining expressly vendor's lien for unpaid purchase money and the deed for the same property from Shipman to C. C. Bumguardner, for the reasons set out by plaintiffs and interveners in their bill if exceptions number 12.

11.    The court erred in admitting in evidence for the defendants each of the portions of the deposition of A. Bivens objected to by plaintiffs and interveners as set out in their bill of exceptions number 15.

*G. R. Freeman* and *M. Logan,* for appellants.

*J. C. Main,* for appellee.

KEY, Associate Justice.—L. P. and Samuel Taffinder sued in trespass to try title, to recover from W. M. Merrell and J. T. James an undivided half of lot No. 5, in block No. 5, in the town of Hamilton, Hamilton County, Texas.    Martha H., James S., Wm. K., John G., and Samuel P. Carden intervened, claiming an undivided one-fourth of the north half of said lot.    The defendant Merrell disclaimed as to the south half of the lot, pleaded not guilty, title by three, five, and ten years limitation, and also through certain probate proceedings, and sales made thereunder.    He also impleaded C. C. Bumguardner, his warrantor, and the latter impleaded H. A. Shipman, his warrantor.    The plaintiffs dismissed as to the defendant James.    There was a jury trial, which resulted in a general verdict and judgment for the defendant, and the plaintiffs and interveners have appealed.

The parties agreed that James C. Taffinder and his wife, Martha C. Taffinder, afterwards Martha C. Bivens, were common source of title. After the death of James C. Taffinder, his wife, Martha C., married A. Bivens, by whom she had three children.    The defendant attempted to show a division of the Taffinder-Bivens estate by the probate court of Coryell County, by which it is claimed that the lot in question was set

aside and decreed to the Bivens children; and the defendant also undertook to show a regular chain of title from the Bivens children down to himself.

In reference to the alleged partition, the court below instructed the jury as follows: "You are further instructed, that if you believe from the evidence before you that there was a partition of the estate of Jas. C. Taffinder and Martha C. Bivens or of Martha C. Bivens in the probate court of Coryell County, Texas, and if in said partition proceedings certain property was allotted to and set over to the plaintiffs and to said Mary J. Carden, and if the lot in controversy was allotted and set apart to the said Bivens heirs, and if in pursuance of said partition the said plaintiffs and Mary J. Carden went in to the possession and use of said property so allotted to them and acquiesced in said partition, then in such case the plaintiffs nor interveners could not recover in this case, and if you so find you will return a verdict for the defendant, and in such case it would be immaterial whether defendant held the title to said lot from the Bivens heirs or not."

The decree referred to did not vest the legal title to the property in controversy in the Bivens children. The only property in Hamilton County that the decree refers to is described as follows: "Two town lots in the town and county of Hamilton, Texas." It is true, the decree refers to and approves the report of the commissioners appointed to partition the estate, but said report is equally indefinite, and describes the Hamilton County property that was set aside to the Bivens children as "two lots in the town of Hamilton." These descriptions are too indefinite and uncertain to apply to any particular lots, in the town of Hamilton or elsewhere. This defect of description is what is termed a patent ambiguity, and can not be aided by other evidence so as to make the decree pass the legal title to the property. Dev. on Deeds, sec. 1010. However, appellee attempted to show that appellants were estopped from claiming the land in controversy, because they and those under whom interveners claim had accepted and appropriated to their own use other property awarded to them by the partition decree, and had acquiesced in the claim of the Bivens children to the property in suit; but in order for Merrell to avail himself of this equitable defense, it would be necessary for him to connect himself with the rights of the Bivens heirs. This he failed to do, because the deed from A. Bivens as guardian of the estate of said heirs does not describe the land in controversy. The description in said deed is as follows: "All that certain lot or parcel of land being in Hamilton County, and State of Texas, described as follows, to wit: being the north half of lot No. 5, being 25 feet front on the square, and extending in depth 90 feet on the east side of the square, and so numbered on the plat of the town."

This description omits to state in what town the property is situated, and this omission, like the description in the partition decree, produces a patent ambiguity and renders the deed void for uncertainty of description.

It follows, therefore, from what has been said, that in our opinion the court erred not only in telling the jury that it was immaterial whether or not the defendant held the title of the Bivens heirs, but also erred in submitting to the jury any question whatever concerning the alleged partition decree. The decree did not vest the legal title to the property in controversy in the Bivens children, and as the defendant failed to connect himself with the equitable rights of the Bivens children, he could not avail himself of such equitable title. We therefore sustain the fifteenth assignment of error, and reverse the judgment.

In reference to the objections urged against the defendant's special plea of equitable title, resulting from possession and use of property claimed to have been set aside to appellants and those under whom they claim, etc., it is sufficient to suggest that the objections urged be removed by amendment or the special plea omitted entirely. Under the plea of not guilty, the defendant had the right to make proof of any defense, except that of limitation; and therefore there is no necessity of their specially pleading their title, except such as they claim by limitation.

The court's charge is subject to the criticism urged against it by the twentieth assignment of error. In the fifth paragraph, in submitting the question of five years limitation, the jury were told that if they believed from the evidence that the defendant Merrell and those under whom he claimed had peaceable adverse possession of the land in question for five years after the right of action of the plaintiffs and interveners accrued, and before they brought their suit, cultivating, using, or enjoying it, and paying all taxes thereon, and claiming under a deed or deeds duly recorded, to find for the defendant.

In the twelfth, thirteenth, and fourteenth paragraphs of the charge, the jury were instructed that limitation would not run against married women and minors, and the issues of coverture and minority were submitted to the jury. These paragraphs, however, were separate and distinct from the fifth paragraph, and they did not refer to the fifth nor did the fifth refer to them. The charge was inconsistent and calculated to confuse the jury. Baker v. Ashe, 80 Texas, 360.

The court should not have instructed the jury absolutely and without qualification to find for the defendant Merrell if they found the facts to be as submitted in the fifth paragraph, but should have told them to find for him unless they found in favor of the plaintiffs or interveners on the issues of coverture and minority, submitted in subsequent portions of the charge.

We do not think the trial court abused its discretion in the rulings complained of in reference to the defendant's abstract of title, and in taxing the costs.

The fourth, tenth, and eleventh assignments of error and the propositions submitted thereunder are too general to require consideration.

The other assignments of error, except those raising the questions discussed, are not regarded as tenable.

For the error pointed out, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*