THE FIRST NATIONAL BANK OF HAYS CITY

*v.*

ELLEN VEST *et al.*

*Opinion filed October 19, 1900.*

1. APPEALS AND ERRORS—*appeal should be taken to Appellate Court in creditor's bill proceeding.* An appeal from a decree in a proceeding by a judgment creditor to have set aside a conveyance alleged to have been made by the judgment debtor for the fraudulent purpose of defeating the enforcement of the judgment, lies to the Appellate Court, since no freehold is involved.

2. HOMESTEAD—*homestead does not attach after judgment.* A judgment debtor cannot acquire a homestead as against the judgment, after the judgment has become a lien upon the property.

3. SAME—*as against creditor's bill, homestead must be claimed by answer.* In order to claim a homestead as against a creditor's bill the right must be set up in the answer.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

WHITE & DOBBINS, for plaintiff in error.

LEWIS & LEWIS, and THOMAS J. SMITH, for defendants in error.

MR. JUSTICE MAGRUDER delivered the opinion of the court:

This is a bill, filed on September 14, 1898, in the circuit court of Champaign county by the plaintiff in error against the defendants in error, alleging the recovery by the plaintiff in error at the March term, 1897, of the court, of a judgment against the defendant in error S. L. Vest for the sum of $355.50 together with $5.30 costs of suit, and that, such judgment remaining unsatisfied on May 26, 1897, an execution was sued out on that day, and afterwards, on July 20, 1897, returned by the sheriff unsatisfied. The return as endorsed on the execution was: "The within execution returned unsatisfied, no property found in my county on which to levy, this 20th day of July, 1897."

The bill then alleges that, after the debt for which the judgment was recovered had accrued, Vest was the owner in fee simple of two sub-lots in a certain addition to the city of Urbana, and that, thereafter on February 24, 1896, he conveyed said sub-lots to his wife, Ellen Vest. The bill charges that there was no consideration for this conveyance, and that it was made for the purpose of shielding said property from sale on execution upon any judgment the plaintiff in error might thereafter recover against S. L. Vest. The prayer of the bill is, that the deed, alleged to have been so fraudulently made by S. L. Vest to his wife, Ellen Vest, be declared null and void against the plaintiff in error, and that the lands thereby transferred be subjected to the execution of the plaintiff in error.

From the foregoing statement of the facts it appears, that this is a bill, filed by a judgment creditor for the purpose of setting aside a conveyance alleged to have been made by the judgment debtor for the fraudulent purpose of defeating the enforcement of the judgment. Where such a bill is filed, no freehold is involved, and the decree of the court should go to the Appellate Court for review and not to this court. Hence, the point made by the defendants in error, that this court has no jurisdiction, and that the writ of error should be dismissed, is well taken. In *Moshier* v. *Reynolds,* 155 Ill. 72, we said: "A bill filed in aid of an execution, or as a creditor's bill, seeking to set aside an alleged fraudulent conveyance made by a judgment debtor and subject the lands to sale for the payment of the judgment indebtedness, does not involve a freehold." (See, also, *Hupp* v. *Hupp,* 153 Ill. 490; *Blackman* v. *Preston Bros.* 119 id. 240).

It is contended by the plaintiff in error that a homestead estate is involved here, and that, inasmuch as the estate of homestead is a freehold, this court should entertain jurisdiction of the case. An estate of homestead is not involved in this litigation. The only material question before the court below was, whether the conveyance,

made by the judgment debtor, S. L. Vest, to his wife, was made in fraud of the rights of creditors and subject to be set aside upon that ground. The property in question consisted of a lot with a building upon it, the lower part of which was used as an office or store, and in the upper part of which were some sleeping rooms. There is some evidence to the effect that, in May, 1898, Vest and his wife moved into some of these upper rooms and occupied them. But this occupation occurred more than a year after the lien of the judgment is alleged to have attached. After a judgment has become a lien upon land, the judgment debtor cannot acquire a homestead as against the judgment. (*Willard* v. *Masterson*, 160 Ill. 443; *Zander* v. *Scott*, 165 id. 51).

In addition to this, there was nothing in the pleadings, either the bill or answer, upon the subject of homestead. No claim of homestead was set up in the answer. To claim a homestead as against a creditor's bill, the right must be set up in the answer. (*Lofquist* v. *Errickson*, 152 Ill. 456).

Counsel for the plaintiff in error refer, in support of their contention that the estate of homestead is involved, to the cases of *Snell* v. *Snell*, 123 Ill. 403, and *Stodalka* v. *Novotny*, 144 Ill. 125. But these cases have no application to such a state of facts as exists in the case at bar. In the *Snell case*, a bill was filed expressly claiming an estate of homestead in certain premises, and praying that the same be set off and assigned to the complainant. In the *Stodalka case*, a bill was filed to reform a contract for the sale of a homestead by the insertion therein of a release of that right and an acknowledgment, and then to enforce a specific performance of the contract; and it was there held that a court of equity had no power so to reform a contract.

An order will be entered dismissing the writ of error; but leave is given to the plaintiff in error to withdraw the record, abstracts and briefs.     *Writ dismissed.*