## CAWFIELD v. OWENS.

### (Filed June 10, 1902.)

1. EVIDENCE—*Pleadings—General Issue—Ejectment.*
   In an action of ejectment it may be shown under the general
   issue that the deed upon which the plaintiff relies was made
   by a mortgagee of a mortgage not signed by the wife of the
   mortgagor.

2. HOMESTEAD—*Husband   and   Wife—Mortgages—Constitution,*
   *Art. X, Sec. 8.*
   A mortgage made by a man without the joinder of his wife, is
   void, if there is a judgment against the husband upon which
   execution may be issued, and the expiration of the lien
   would not validate the mortgage.

ACTION by Sarah Cawfield against Amos Owens, heard by
Judge *M. H. Justice* and a jury, at September Term, 1901, of
the Superior Court of RUTHERFORD County.

The plaintiff, Sarah Cawfield, commenced this action on
the 11th day of May, 1893, to recover possession of two cer-
tain tracts of land described in the complaint, one known as
the "Covington tract" and the other known as the "DePriest
land." Her claim to the land is founded on a deed executed
to her by Matt McBrayer, mortgagee, the mortgage having
been executed on the 10th of November, 1887, by Amos
Owens, the owner of the land, his wife, Mary Owens, not
having joined him in its execution. At the time of the execu-
tion of the mortgage, there was a large judgment against the
mortgagor docketed in the Superior Court of his county where
the land was situated. The Covington tract was conveyed to
Amos Owens in September, 1868, and he became the owner of
the DePriest land in 1854. The complaint was in the usual
form in such actions and the answer of the defendant Mary,
the defendant Amos having withdrawn his answer, was a
simple denial of its allegations—she having withdrawn that

part of her answer which set up a resulting trust in the land. On the trial the defendant was allowed, over the plaintiff's objection, to introduce evidence tending to show that the entire real estate of Amos Owens at the time of the execution of the mortgage was worth less than a thousand dollars.

The plaintiff requested the following instructions: 1. That if the jury believe the evidence, the plaintiff was the owner of both tracts of land described in the complaint. 2. That the joinder of the wife in the mortgage to R. and M. McBrayer was not necessary, she only having an inchoate right of dower in said land contingent upon her surviving her husband. 3. That the defendant husband being estopped by his mortgage deed, the *feme* defendant could not set up a claim to homestead in the Covington tract of land without alleging and proving there were minor children of the defendants. His Honor instructed the jury that if they believed the evidence, the plaintiff was entitled to recover the DePriest tract, but was not entitled to recover the Covington tract. To this instruction, in so far as it related to the Covington tract, the plaintiff excepted. The jury found that the plaintiff was the owner of the DePriest tract, and that the possession of the defendant of that tract was wrongful. From the judgment rendered on the verdict, the plaintiff appealed as to the Covington tract.

*McBrayer & Justice,* for the plaintiff.
*Justice & Pless,* for the defendant.

MONTGOMERY, J., after a statement of the facts. Was it necessary for the defendant in her answer to have specially pleaded her claim in the land as her homestead interest? If so, the evidence offered and received was irrelevant and incompetent. The rule under The Code pleading (similar to that under the old proceedings in ejectment) permits under the general issue—general denial—proof that a deed intro-

duced as evidence of title was executed by a grantor wanting in capacity, and, therefore, for that reason, void. *Mobley v. Griffin*, 104 N. C., 112. But the plaintiff insists that there is a recognized exception to the general rule, and that the exception is that one who seeks to avoid a deed upon the ground that the land is subject to the homestead right of the pleader must specially set up in the pleadings, the facts upon which the homestead depends. The authorities relied on for the position are *Marshburn v. Lashlie,* 122 N. C., 237, and the kindred cases in our reports there mentioned. But it will be seen on examination of all these cases that the deeds introduced to show title were deeds made under either judicial or execution sales. In such cases the purchasers at such sales, or their grantees, have what is called a *prima facie* title under their deeds—there being a presumption that the sale was properly ordered and made, and that the land was not subject to the homestead right; that it was sold for a debt, which did not exempt it from sale under Section 2, of Art. X, of the Constitution, and the decisions of this Court on that section.

In our case, however, no such presumption existed, the deed under which the plaintiff claims being one from a mortgagee made in default of the payment of the debt secured in the deed, voluntarily made by the defendant's husband, to secure an ordinary debt due in 1888, and it was permissible to offer proof to avoid the plaintiff's deed, under the general rule, under the general denial in the defendant's answer.

The main question for decision—whether the mortgage deed executed by the husband is void or only voidable—is of more importance. The plaintiff's position is, first, that as no homestead had been allotted to the husband of the defendant, before he executed the deed of mortgage, the title passed to the mortgagee under the declaration in *Mayo v. Cotten,* 69 N. C., 289, that Section 8, Art. X, of the Constitution, applies only to a conveyance of the homestead "after it has been laid

off;" and, second, that if that is not so, the judgment against the husband owner, and which was a lien on his land at the time of the execution of the deed of mortgage, having expired as to its lien before the sale under the mortgage deed was made, the doctrine announced in *Hughes v. Hodges,* 102 N. C., 236, applies, and the plaintiff's deed is good. In the last-mentioned case, a limitation was made to the broad assertion which we have quoted from *Mayo v. Cotten, supra.* The limitation was called by Avery, J., in his dissenting opinion in *Thomas v. Fulford,* 117 N. C., 667, "a further inhibition upon the right of the owner, without the joinder of the wife, to convey his land. The words of the limitation, or further inhibition upon the power of the owner of lands to convey them, as used in *Hughes v. Hodges, supra,* because of their importance, may properly be repeated here." The only safe rule as to the meaning of Section 8, Art. X, of the Constitution, must be deduced chiefly from the two cases last cited (*Mayo v. Cotten,* 69 N. C., 289, and *Hager v. Nixon,* 69 N. C., 108). When there is *no* creditor, there is no reason for restricting the owner in the sale of land, not allotted as a homestead, by any construction placed upon that section, because the whole plan of homestead exemption was framed for the purpose of affording protection against debt. But it does not follow from the mere fact that a man owes debts, that Section 8, Art. X, of the Constitution, is to be construed to disable him from conveying his land without the joinder of his wife, unless the deed was executed with intent to defraud his creditors and no homestead had been allotted to him, or unless the land conveyed to him is subject to the lien of a judgment or a mortgage reserving the homestead right, that can not be enforced without allotting a homestead in order to ascertain and subject to sale the excess. The rule stated in *Mayo v. Cotten* is so far modified, therefore, as not to apply when the owner of land is embarrassed with debt and his land

is subject to be sold to satisfy a lien. So, our conclusion is that as there was a judgment in force against the husband of the plaintiff, under which execution might have issued, the deed of mortgage as to the Covington tract was void, and the expiration of the lien of the judgment could not bring into existence that which never had vitality. The Constitution, Art. X, Sec. 8, plainly ordains that, "No deed made by the owner of a homestead shall be valid without the voluntary signature and assent of the wife, signified on her private examination according to law." If the deed is made otherwise, it is simply invalid, inoperative.

No error.