## Charleston State Bank v. Bluford E. Brooks.

1. HOMESTEAD—*Can be Extinguished Only in the Mode Provided by Statute.*—The right of homestead can be extinguished only in the mode provided by statute. The law exempts it from debts, and the homesteader is required to perform no act, to discharge no duty, nor manifest any intention to avail himself of its benefits.

Creditor's Bill.—Error to the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

J. H. MARSHALL and A. C. ANDERSON, attorneys for plaintiff in error.

A. J. FRYER, attorney for defendant in error.

MR. JUSTICE HARKER delivered the opinion of the court.

The plaintiff in error, holding two unsatisfied judgments against the defendant in error, at the October term, 1901, of the Coles County Circuit Court, filed a creditor's bill in aid of execution against the defendant in error and his son, John E. Brooks, to set aside as fraudulent a deed from him to his son of certain real estate, executed July 16, 1900. Answers denying the allegations in the bill were filed by both defendants and a trial was had resulting in a decree setting aside the deed and ordering the land to be sold to satisfy the executions. The sheriff sold the property, as directed by the decree, on March 29, 1901, and the plaintiff in error became the purchaser for the sum of $990.95.

At the October term, 1901, the defendant in error moved to set aside the sale upon the ground that the real estate constituted his homestead. The court heard evidence, and finding that the defendant in error had a homestead in the premises, sustained the motion and set aside the sale.

The plaintiff in error seeks a reversal of the order setting aside the sheriff's sale solely upon the ground that the defendant in error is concluded by the decree on the creditor's bill, and, having failed to set up in his answer in that case any claim of homestead, is estopped from doing so afterward. In support of its contention, counsel cite Lofquist v. Errickson, 152 Ill. 456, and First National Bank v. Ellen Vest, 187 Ill. 389. In neither one of the cases was the point presented by this case decided. In the first, Lofquist prosecuted an appeal from a decree setting aside as fraudulent to creditors a certain deed executed to him by a judgment debtor of the appellees. The Supreme Court sustained the decree upon the proofs of fraud, and upon the question of homestead simply held that it did not arise in the case, because no claim of homestead was set up in the answer to the bill. In the other case a writ of error

was prosecuted to reverse a decree of the Circuit Court dismissing a creditor's bill.   The defendants in error moved, in the Supreme Court, to dismiss the writ of error upon the ground that the Appellate Court, and not the Supreme Court, had jurisdiction.   The motion was resisted upon the ground that a freehold was involved.   The Supreme Court held that a freehold was not involved, for the reason that no claim of homestead was set up in the answer.   The extent of the holding upon the subject in each case is that a court of appeal will not consider a claim of homestead when no such claim was set up in the court from which the appeal was taken.   If this was an appeal from the decree setting aside the conveyance from the defendant in error to his son, we should hold, under the cases cited, that defendant in error could not raise in this court any claim of homestead because he did not raise it in the court below. Had he seen fit, he could have done so, and the chancellor would have protected his homestead estate by proper decree.   But because he did not do so, he was not, therefore, divested of his right to claim it afterward.

Whether regarded merely as an exemption, as it was prior to the act of 1873, or as an estate, as it has been since the passage of the act, our Supreme Court has invariably held that the right of homestead can be extinguished only in the mode provided by statute.   The law exempts it from debts, and the homesteader is required to perform no act, to discharge no duty, or manifest any intention to avail himself of its benefits.   Green v. Marks, 25 Ill. 204; Pardee v. Lindley, 31 Ill. 174; Wing v. Cropper, 35 Ill. 256; Hubbell v. Canady, 58 Ill. 425; Leupold v. Krause, 95 Ill. 440; Gruhn v. Richardson, 128 Ill. 178.

The court properly sustained the motion to set aside the sheriff's sale and the order will be affirmed.