(No. 14423.—Cause transferred.)
C. E. ENBLOOM, Appellant, *vs.* H. A. BULLOCK *et al.* Appellees.

*Opinion filed February 22, 1922.*

APPEALS AND ERRORS—*suit to subject land to lien of judgment does not involve freehold.* A proceeding by a judgment creditor of an insolvent corporation to have certain land held by the officers, directors and stockholders of the corporation declared to be the property of the corporation and subject to the lien of the complainant's judgment does not involve a freehold.

APPEAL from the Circuit Court of Knox county; the Hon. WILLIS F. GRAHAM, Judge, presiding.

R. D. ROBINSON, (RILEY STEVENS, of counsel,) for appellant.

ROBERT J. WALBERG, and R. C. HUNT, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed in the circuit court of Knox county chiefly in aid of an execution, and seeks to have a tract of land in Galesburg, in said county, on which is located a broom factory, declared to be subject to the lien of the judgment upon which the execution is based, and also declared to be held in trust for the benefit of the company against which the judgment was entered instead of being owned by various individuals who were formerly officers and stockholders of the company.

301—38

The A. Boyer Broom Company was a corporation engaged in the manufacture of brooms at Galesburg. On March 20, 1902, the company entered into a contract with Aaron Boyer for a warranty deed to the tract of land in question and the equipment of the factory located thereon, whereby the company was to pay $7000 to Boyer for the property, $150 being paid down and the balance to be paid at the rate of $50 per month. Boyer died in 1907. The $50 monthly payments were kept up until after his death, when default was made by the company in the payments, and a suit was brought in the circuit court of Knox county in 1908 by Albert J. Perry, as executor of Boyer's will, to have the contract declared forfeited. It does not appear that the company or its directors or officers made any defense to the suit, and the court entered a judgment declaring the contract forfeited. At or about this time, in 1908, Henry A. Bullock, Frank E. Johnson, Gust N. Rodelle, David Ramp and Ezra D. Aikin borrowed on their own notes $2500 from a building and loan association at Galesburg and paid it to Perry, which was alleged to be the amount still due under the contract, and Perry, as executor, deeded the real estate, machinery and fixtures to the above named persons. Bullock was president of the broom company, having been elected about 1902, and the other grantees in the deed were directors or stockholders. After this deed was executed the company kept on manufacturing brooms in the factory, occupying it as a tenant of the grantees in the deed, and apparently paying in lieu of rent $25 each month, which the grantees had agreed to pay on the loan to the building and loan association.

Much of the testimony was given by Ora S. Cunningham, who apparently conducted most of the business of the company and was called by appellant to testify as to the details. She went with the company in 1897 as office girl and afterwards became book-keeper and then secretary, and it would seem was in charge of the clerical work and ac-

counting of the company. She was also a stockholder and director during the latter part of the company's existence. The company apparently failed in business, the factory being operated at a loss, and the same was closed in 1915. Miss Cunningham testified that she sold most of the machinery after the closing up of the business, and used the money received therefor and from other sources to take up the various bills of the company. In the conduct of its business of making brooms it became necessary for the company to purchase broom corn, and Miss Cunningham and her brother, who also worked at the factory, went to the farm of appellant, C. E. Enbloom, in the northwest corner of Knox county, in March, 1914, and purchased a considerable amount of broom corn which he had raised. Enbloom carried it to the factory in several consignments and the company paid him in cash for all of it except the last consignment, and for that it gave him a note, which was not paid when due and was placed in judgment in the circuit court of Knox county for $932.19 and an execution issued thereon. In aid of this execution the present proceeding is brought.

We are met at the outset of this case by the argument of counsel for appellees that the bill was filed in aid of an execution or as a creditor's bill seeking to set aside an alleged fraudulent conveyance made by a judgment debtor and to subject land to sale for the payment of the judgment indebtedness, and that as this question does not involve a freehold this court has no jurisdiction and the appeal should have been taken to the Appellate Court. Counsel for appellant, in answer thereto, argue that while the bill was filed to collect the judgment in favor of appellant, it is also, in truth, a bill to have the title to the real estate declared to be the property of the Boyer Broom Company and to be held in trust by that company for its stockholders, and that therefore a freehold is involved.

It is clear, under the authorities, that if this bill is only a creditor's bill seeking to uphold the lien of appellant's judgment on the land in question and to set aside the deed for the purpose of collecting the judgment no freehold is involved under the repeated decisions of this court. (*First Nat. Bank* v. *Vest,* 187 Ill. 389; *Hupp* v. *Hupp,* 153 id. 490; *Brockway* v. *Kizer,* 215 id. 188; *Burroughs* v. *Kotz,* 226 id. 40; *Wachsmuth* v. *Penn Mutual Life Ins. Co.* 231 id. 29; *Oswald* v. *Hexteo,* 254 id. 158; *Becker* v. *Fink,* 273 id. 560.) No other creditors of the broom company, and none of its stockholders or officers, are complaining that the title to the property is wrongly held by appellees. Indeed, it does not appear that there are any creditors of the Boyer Broom Company except appellant, and it is also clear that several persons who have become part owners of the land in question since the making of the original deed by Aaron Boyer's executor are not made parties to this proceeding. It is manifest that the chief, if not the only, purpose of appellant in bringing this bill is to subject the property to the lien of his judgment. Any other complaint made in the bill as to the property being held by appellees in trust for the broom company is a mere incident to the chief purpose of the bill, and we cannot see from the allegations of the bill or from the facts in the case that appellant has any right in equity to ask the court to set aside the deed conveying the property to appellees and to hold the land in trust for the stockholders.

As this bill was filed for the purpose of subjecting the land in question to the lien of appellant's judgment the case does not involve a freehold and was improperly appealed to this court. For this reason it will be transferred to the Appellate Court for the Second District. The clerk of this court will transmit to the clerk of the Appellate Court for the Second District all the files in this case, together with the order transferring the cause.

*Cause transferred.*