## STATE BANK OF WHEATLAND v. BAGLEY BROS., ET AL.

(No. 1708; August 9, 1932; 13 Pac. (2d) 564)

In support of the petition there was a brief by *Mr. M. A. Kline*, of Cheyenne, Wyoming, and *Mr. O. O. Natwick*, of Wheatland, Wyoming.

RINER, Justice.

A petition for rehearing has been filed in the cause by respondent, presenting the contention that this court was mistaken in its conclusion announced in the opinion heretofore filed herein that the lien of the mortgage unsigned by Mrs. Mamie E. Bagley and held by respondent could not be enforced against the claim of homestead made by

her in the Wheatland town property. Several propositions are advanced in support of this contention.

It is said now as it was urged in respondent's brief before that no issue was made in the pleadings touching the claim of homestead right on the part of Mamie E. Bagley and it is also said that the view previously announced herein as declared by the well known text, 29 C. J. 880, § 245, that "evidence of the homestead right is admissible under the general denial" is unsupported by authority.

The text last mentioned cites the case of Crawford v. Richeson, 101 Ill. 351. There the court said concerning the point in which we are now interested:

"It is objected to considering the homestead right in this case that it is not set up in the answer, and that so there is no averment in the pleadings to afford a foundation for admitting evidence of a homestead right. The bill avers that the bond was a lien upon the lands. The answers deny that the bond ever was a lien upon the lands. Under the issue formed upon this averment and denial, the evidence of a homestead right was competent. It went to show that the bond never was a lien upon the lands,—that they were exempt from the lien so that it never attached to them, and we think the evidence was admissible in disproof of the lien having ever attached, under the general denial that it ever attached, without the answer having set forth specifically the facts showing why the bond never did become a lien."

This holding certainly upholds the statement of the text aforesaid. Respondent's position is, however, that this case has been overruled by subsequent decisions of the Supreme Court of Illinois, viz: Gaither v. Wilson, 164 Ill. 544, 46 N. E. 58; First National Bank v. Vest, 187 Ill. 389, 58 N. E. 229; and Lofquist v. Erickson, 152 Ill. 456, 38 N. E. 908. We do not so read them. They neither refer to the Crawford case, supra, nor was it necessary that they should, inasmuch as the question raised in their several pleadings was a different one. Neither of them undertook

to determine what evidence was admissible under a general denial of a lien claimed under an instrument whose validity was attacked. In the Gaither case, the only one involving the foreclosure of a lien, there was simply an attempt to set up an affirmative claim to a homestead right in a cross-bill, and affirmative relief was asked by the defendant that "his homestead interest in said lot be established." The sufficiency of this cross-bill was the question ruled and it was held to be insufficient. The other two cases were suits to set aside conveyances made by judgment creditors as fraudulent and in neither of them was any question involved under pleadings such as are presented here.

Our attention is directed to the case of Caudle v. Morris, 160 N. C. 168, 76 S. E. 17. That was an action to recover possession of land from defendant and no question arose in it on pleadings even remotely resembling those at bar. Nevertheless, previously in the case of Cawfield v. Owens, 130 N. C. 641, 41 S. E. 891, where the validity of a deed was directly questioned by the interposition of a general denial in the answer, the North Carolina court had this to say:

"Was it necessary for the defendant in her answer to have specially pleaded her claim in the land as her homestead interest? If so, the evidence offered and received was irrelevant and incompetent. The rule under the code pleading (similar to that under the old proceedings in ejectment) permits under the general issue-general denial-proof that a deed introduced as evidence of title was executed by a grantor wanting in capacity, and therefore, for that reason, void. Mobley v. Griffin, 104 N. C. 112, 10 S. E. 142. But the plaintiff insists that there is a recognized exception to the general rule, and that the exception is that one who seeks to avoid a deed upon the ground that the land is subject to the homestead right of the pleader must specially set up in the pleadings the facts upon which the homestead depends. The authorities relied on for the position are Marshburn v. Lashlie, 122 N. C.

237, 29 S. E. 371, and the kindred cases in our Reports, there mentioned. But it will be seen on examination of all these cases that the deeds introduced to show title were deeds made under either judicial or execution sales. In such cases, the purchasers at such sales or their grantees have what is called a *prima facie* title under their deeds; there being a presumption that the sale was properly ordered and made, and that the land was not subject to the homestead right; that it was sold for a debt which did not exempt it from sale under Section 2 of Article 10 of the constitution and the decisions of this court on that section. In our case, however, no such presumption existed, the deed under which the plaintiff claims being one from a mortgagee made in default of the payment of the debt secured in the deed, voluntarily made by the defendant's husband to secure an ordinary debt due in 1888, and it was permissible to offer proof to avoid the plaintiff's deed, under the general rule, under the general denial in the defendant's answer.''

The case of Marshburn v. Lashlie, 122 N. C. 237, 29 S. E. 371, which the court distinguishes in the excerpt just given is cited and relied upon by respondent here.

Some decisions from the courts of the state of Texas are noticed for our attention as supporting respondent's position but an examination of them and others from the same jurisdiction leads us to think otherwise. For instance, in Tyler v. Thomas, 297 S. W. (Tex. Civ. App.) 609, 611, the court said:

''In the present case the plaintiffs sued for title and possession of the property. The defendant denied the right of plaintiff to recover possession, but made no prayer for affirmative relief. In such case it has been uniformly held that any matter of defense, except limitation, may be proven under plea, of 'not guilty.' Lumkins v. Coats, (Tex. Civ. App.) 42 S. W. 580; Miller v. Knowles, (Tex. Civ. App.) 44 S. W. 927; Taffinder v. Merrell, 18 Tex. Civ. App. 661, 45 S. W. 477; Hardy v. Brown, (Tex. Civ. App.) 46 S. W. 385; Wilkins v. Owens, 102 Tex. 197, 114 S. W. 104, 115 S. W. 1174, 117 S. W. 425, 132 Am. St. Rep. 867;

Kauffman v. Brown, 83 Tex. 41, 18 S. W. 425; Ryan v. Lofton, (Tex. Civ. App.) 190 S. W. 752.

"We therefore overrule appellant's contention that appellee Thomas could not prove, under his plea of 'not guilty,' his homestead rights in the property in controversy."

This was said under a statute which allowed "any lawful defense to the action except the defense of limitation" in case of a plea of "not guilty." This holding was subsequently affirmed in Thomas v. Tyler, 6 S. W. (2d) 350, by the Commission of Appeals.

In Mutual Life Insurance Co. v. Summers, 19 Wyo. 441, 120 Pac. 185, 188, this court, quoting from Pomeroy's Code Remedies at Sec. 691, said:

"The general denial puts in issue all the averments of the complaint or petition and permits the defendants to prove any and all facts which tend to negative them."

Presenting a question analogous to that before us, where the enforcement of a mechanic's lien was sought and, under a general denial, evidence of defendant's homestead right was given for the purpose of defeating it, holding this procedure proper, in Security Mortgage & Trust Co. v. Caruthers, 11 Tex. Civ. App. 430, 32 S. W. 837, 841, the court said:

"The proposition propounded under this assignment is: 'A mechanic's lien cannot be fixed upon the business homestead of the head of a family, unless through a contract signed by the husband and wife, and duly acknowledged.' There was evidence tending to show that the lot had been the business homestead of Cowan, and that it was his intention to continue to so use it at the time the building contract was made; while the contract under which the lien is claimed is signed by the husband alone. This defense was not specially pleaded, and the court refused to charge upon that issue. The proposition contended for by appellant is sound, but appellees urge that

this defense was not available to the defendant under the general denial pleaded. The main central fact alleged by the plaintiff is that he holds a mechanic's lien upon the building and lot in question, the foreclosure of which is sought to be obtained. No personal judgment for the debt is asked; the single object of the proceeding is the establishment and foreclosure of his lien. A general denial puts in issue every material fact alleged in the plaintiff's petition. Altgelt v. Emilienburg, 64 Tex. 150; Tisdale v. Mitchell, 12 Tex. 68; Herndon v. Ennis, 18 Tex. 411. 'We have abolished all common-law forms of action, and, under our system, the plaintiff states the very case upon which he seeks to recover; and a general denial puts him upon proof of at least every affirmative allegation necessary to maintain his suit, unless it be some allegation that, by the rules of pleading, must be met by a plea in abatement. * * * The defendant, in pleading to the action, looks to the petition, not to see whether it is trespass, trover, or case, but to ascertain what are the facts he is expected to meet,—what he must disprove under the general denial, or confess and avoid under a special answer.' Willis v. Hudson, 63 Tex. 681, 682. The only fact alleged in plaintiff's petition in which the defendant (appellant) was at all interested was the existence of the mechanic's lien upon the house and lot. This issue it was called to meet upon the trial, and all other issues with which it was concerned were purely collateral. If the general denial could not serve the purpose of putting in issue this fact, then the defendant was required to confess and avoid, and that is the contention of appellees. A plea of confession and avoidance is in demand, when the facts alleged in plaintiff's petition are true, and there exist independent facts, not appearing in the petition, which will meet and overthrow the effect of such alleged facts. If the property was the homestead, the initial fact which could give existence to a lien upon it would be a contract signed by the husband and wife, properly acknowledged. Const. art. 16, § 50; 2 Sayles' Civ. St. art. 3174. And this applies to the business homestead as well as to the residence homestead. The principles governing the residence homestead and business homestead are the same. They can be acquired and divested in the same way. Wolf v. Butler (Tex. Civ. App.) 28 S. W. 51; Hargadene v. Whitfield, 71 Tex. 482, 9 S. W. 475. If the facts should show

that the property upon which the lien is asserted was the homestead of Cowan at the time the contract was executed, then no lien existed upon it, and the material fact alleged by plaintiff would fail in proof, and his suit would end adversely to him. The proof of that fact would disprove his main allegation, and defeat his suit.''

To the same effect is the case of Wilkerson & Satterfield v. McMurry,. 167 S. W. (Tex. Civ. App.) 275, where this language is found:

''The first assignment of error is as follows:
'' 'The court erred in permitting the defendants to prove that the lot upon which the building was constructed was claimed and occupied by Marion Conover as his homestead at the time of the trial, and that, at the time the contract was made, it was intended for his homestead, because it appeared from the pleading in the case that none of the defendants set up the fact that the property was homestead or was exempt from a mechanic's lien by reason of its occupancy or designation as such; said testimony having been objected to by the plaintiffs upon the ground that there was no allegation to support it, as more fully appeared in bill of exceptions No. 1.'
''This assignment is not well taken. The plaintiffs did not seek a personal judgment against either Tom Conover or Marion Conover. As against these defendants, plaintiffs only sought a foreclosure of their alleged materialman's lien on the house and lot involved in the controversy, and the defense that said property constituted the homestead of Marion Conover and his wife at and before the time the material was furnished by plaintiffs, and that no written contract had been made and executed by the wife, as required by statute, in order to fix a lien upon that character of property, was available under the general denial. It was distinctly so held by this court in Security Mortgage & Trust Co. v. Caruthers, 11 Tex. Civ. App. 430, 32 S. W. 837. This is so because of the familiar rule under our practice that a general denial puts in issue every material fact alleged in plaintiffs' petition. The failure, therefore, of the defendants to plead specifically, as a matter of defense to plaintiffs' alleged cause of action that the property upon which plaintiffs sought to fore-

close the lien claimed by them was a homestead did not
preclude them from showing such fact in answer to plain-
tiffs' claim of lien."

It is unnecessary to pursue the matter of reviewing
cited authorities further for to do so would unnecessarily
lengthen this opinion. The cases referred to and relied
upon by respondent as we read them—and we have exam-
ined them all—do not appear to touch the precise question
with which we are at present confronted and, so far as we
can see, the law is as stated in 29 C. J., § 245, supra.

In addition to the foregoing on the point raised, it may
be observed further: In the opinion on file herein, it was
stated in the course of our discussion of this contention as
to the reception of evidence asserted to be extraneous to
the issues in the case, that the claim of homestead right
by Mamie E. Bagley was "undoubtedly litigated." An
examination of the record discloses that both appellant
and respondent introduced evidence relative to this claim
of homestead in the town property made by Mrs. Bagley
and no one appears to have objected and raised the ques-
tion that the evidence was not within the issues framed by
the pleadings.

In 2 R. C. L., p. 81, § 55, the rule is given as:

"Where the case is tried on the theory that certain
issues have formally been raised, it cannot be objected for
the first time on appeal that such issues were not in fact
joined by reason of the absence of an answer, plea or
replication by which they should properly have been
raised."

And this court also, in Snyder v. Ryan, 39 Wyo. 266, 270
Pac. 1072, 1074, 275 Pac. 127, has said, concerning the
same subject:

"No objection whatever was offered to this character
of testimony on behalf of the respondents in the lower
court on the ground now alleged in this court, but on the

contrary the case, apparently from the record, was tried on the theory that the defense of good faith could be shown under a general denial, and there is a great deal of testimony along this line in the record, and it is too late now for the appellant to complain and try to allege the contrary.''

It is now also insisted that, as the record shows that the Wheatland town property was purchased some eleven years ago, (July 1921) for $4,300, there is now a surplus of property value over and above the homestead value claimed and allowed by law, which, under the decision of Jones v. Losekamp, 19 Wyo. 83, 114 Pac. 673, is subject to the lien of respondent's mortgage. It is common knowledge that real estate values in this state have very greatly depreciated since 1921. Respondent, at the trial being aware of Mamie E. Bagley's assertion of homestead right in this town property, made no claim at that time that its value was in excess of the amount allowed by law and tendered no proof whatsoever on the subject. Although the trial court reopened the case several months later to admit additional proof for respondent, no suggestion of the sort now presented was then endeavored to be made. Having not been submitted to the trial court, the question may not in this court be raised for the first time.

Additionally, in this connection, it may be noted further that this contention was urged neither in the brief of respondent nor on the argument of this case. Relative to such a situation, this court has heretofore repeatedly held that a party asking for a rehearing may not set up any grounds in support of his petition different from those urged by him in his briefs and the original hearing. Allith-Prouty Co. v. Wallace, 32 Wyo. 392, 233 Pac. 144, 234 Pac. 504, 39 A. L. R. 513; Watts v. Lawrence, 26 Wyo. 367, 185 Pac. 719; Brotherhood of Locomotive Firemen and Enginemen v. Ginther, 35 Wyo. 244, 280, 252 Pac. 1026.

It is said that the finding of the trial court upon this matter of Mamie E. Bagley's claim to a homestead right in the Wheatland town property was made upon conflicting evidence and was supported substantially thereby. These contentions were made in respondent's original brief and argument and were fully considered by us before the previous opinion herein was filed. Upon re-examination, we are quite unable to accede to respondent's views on the record concerning this point. As previously indicated, we think the evidence establishes without contradiction that Mrs. Mamie E. Bagley primarily obtained homestead rights in the property aforesaid which were never abandoned.

We are quite cognizant of the unwavering belief of counsel in the correctness of their contentions which have been advanced on both sides with industry and ability. The questions involved in the case are many and some can hardly be said to be free from difficulty. The authorities relied upon and reasons submitted have all been given a careful survey. Our ultimate conclusions are as stated in the opinion already in counsels' hands as that may be supplemented by this. It follows from what has been said that the petition for rehearing should be denied.

*Denied.*

KIMBALL, Ch. J., and BLUME, J., concur.